BLOUNT BROTHERS REALTY COMPANY, a Corporation, *Plaintiff in Error,* v. C. D. EILENBERGER, *Defendant in Error.*

Division B.

Opinion filed October 25, 1929.

Petition for rehearing denied January 3, 1930.

*C. E. Farrington* and *Thomas M. Lockhart,* of Fort Lauderdale, for Plaintiff in Error;

*Hall, Johnson & English,* of Fort Lauderdale, for Defendant in Error.

STRUM, J.—This is an action in assumpsit upon a promissory note. Writ of error is taken to a judgment for plaintiff in which is included the sum of $1,000.00 as attorney's fees for the services of plaintiff's attorney.

The sole allegation of the declaration as to attorney's fees is that defendant promised:

"* * * in case suit should be brought for the collection thereof or the same had to be collected through an attorney, to pay attorney's fees for making such collection on demand after the date thereof, but did not pay the same."

The provision of the note in respect to the payment of attorney's fees is:

"And in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection."

At the trial, two attorneys testified that in their opinion $1,000.00 would be a reasonable fee for the services of plaintiff's attorney, after which the trial judge announced that he adjudged the sum of $1,000.00 to be a reasonable fee. There is no testimony that plaintiff had paid or expressly

agreed to pay his attorney the sum of $1,000.00 for his services, nor any facts from which it appears that plaintiff is liable to his attorney in that sum *quantum meruit* for the reasonable value of his services under an implied contract.

In Brett v. First Natl. Bank of Marianna, 120 So. R. 554, it was held, in a mortgage foreclosure, that a contract to pay attorney's fees is one, not to enrich the holder of the note, but to protect and indemnify him against expenditures necessarily made or incurred to protect his interest. The rule is the same in actions at law as in suits in equity. The inclusion of attorney's fees as a part of a judgment is an allowance to the holder of the note, not to the attorney. The payee or holder is not permitted to make a profit on the debtor's promise to pay attorney's fees by recovering judgment for a larger amount than he actually pays, or is obligated to pay, his attorney. The object and intent of the contractual stipulation for attorney's fees is that the payee or holder of the note shall be at no expense in procuring the services of his attorney. U. S. Savings Bank v. Pittman, 80 Fla. 423, 86 So. R. 567; Cook v. Strelau, 219 Pac. R. 846; Jones v. First Natl. Bank, 219 Pac. R. 780; Jones on Mortgages (8th Ed.) Sec. 442.

It appears by the record that suit has been brought on the note after maturity and that plaintiff sues by an attorney. There is evidence that $1,000.00 is a reasonable fee for the services of the attorney. But that is not enough. *Non constat* but that plaintiff's attorney has agreed to accept as compensation for his services a sum less than that provided for in the note, in which event no more than the amount agreed upon between the plaintiff and his attorney could be recovered from the maker of the note, as the debtor's contract to pay the fee is one of indemnity.

When a recovery for attorney's fees is sought, the declaration should contain allegations of fact, appropriate to the terms of the particular note sued on, (a) that the defendant promised to pay a fee, alleging what it was, and the contingency under which the debtor's liability to pay the same would arise, as for instance, if after maturity the note was placed in the hands of an attorney for collection, or if it became necessary to collect the same through an attorney, or by suit, or such other allegation as may be appropriate to the terms of the note in that respect; (b) that the contingency indemnified against has happened; and (c) either that plaintiff has paid, or has expressly agreed to pay, said attorney a specified sum for his services, alleging what that sum was, as for instance, ten per cent of the principal sum of said note, or that plaintiff has become and is indebted to said attorney for the reasonable value of his services, depending upon whether there exists an express or implied contract between plaintiff and his attorney as to the payment for the services of the latter.

The allegations hereinabove mentioned should be supported by competent proof. It is of course not indispensable to a recovery from the debtor that the plaintiff shall have actually paid his attorney for the services. Allegation and proof that a valid liability exists is sufficient in that respect. That liability may rest upon either an express contract between plaintiff and his attorney as to the latter's compensation, or upon plaintiff's liability to pay his attorney on a *quantum meruit* basis upon the implied contract which arises from the employment of the attorney by the plaintiff, and the performance by the attorney and acceptance by the plaintiff of his services. In no event, of course, can the amount recovered for attorney's fees exceed the sum the debtor has agree to pay, what-

ever may be the agreement between plaintiff and his attorney.

As there is neither allegation nor proof in this case that plaintiff has paid or promised to pay, or is liable to his attorney upon an implied contract, for the sum included in the judgment for attorney's fees, or any part thereof, the judgment is reversed, and the cause remanded with leave to amend the pleadings as to the recovery of attorney's fees.

Reversed and remanded.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.