C. E. HUMPHREYS, as Administrator of the Estate of A. LEE HUMPHREYS, Deceased, and J. M. HEARN, *Appellants*, v. JAMES SMITH, *Appellee*.

Division B.

Opinion filed September 11, 1930.

*J. M. Hearn,* for Appellants;

No appearance for Appellee.

BUFORD, J.—In this case there was a demurrer to the amended bill of complaint. The demurrer was overruled and the defendants allowed until the 10th day of February, 1930, to file answer or other pleadings. From this order appeal was taken.

The amended bill of complaint fails to allege sufficient facts to show that the complainant is entitled to recover upon the cause of action which is the basis of this suit against the defendants in that no facts are alleged in the bill of complaint which, if true, would make the defendants liable on the cause of action constituting the basis of this suit.

It is not alleged that A. Lee Humphreys after the execution of the cause of action died either testate or intestate. No facts are alleged to show that Alice H. Humphreys, Catherine Humphreys, or Alice H. Humphreys as guardian for A. Lee Humphreys, Jr., ever became liable for the obligation or that the title to the property covered by the mortgage ever became vested in them, or either of them. Neither is there any allegation showing that Alice H. Humphreys has been duly appointed or has in any wise become the legal guardian of A. Lee Humphreys, Jr. There is no allegation of the fact, if it be a fact, that C. E. Humphreys was and is

the duly appointed and qualified administrator of the estate of A. Lee Humphreys. Neither is there any allegation of fact which shows that C. E. Humphreys ever became liable in his representative capacity, or otherwise, to pay the obligation sued upon, or that he ever at any time had possession and control in his representative capacity, or otherwise, of the property described in the mortgage sought to be foreclosed.

The allegation as to liability for attorneys' fees is loosely drawn and fails to meet the requirements of good pleading in that regard, as enunciated in the opinion in the case of Blount Brothers Realty Company v. Eilenberger, 98 Fla. 775, 124 So. R. 41.

The demurrer should have been sustained.

The order appealed from is reversed with directions that the complainant be allowed to amend his bill of complaint and that such further proceedings be had as conform to law and rules of practice.

Reversed and remanded.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.