D. C. HAMPTON and ANNA HAMPTON, his wife, and THE STANDARD OIL COMPANY, a Corporation existing under the laws of the State of Kentucky, *Appellants,* v. THE FIRST NATIONAL BANK OF LAKE CITY, a Banking Corporation, *Appellee.*

146 So. 542.

Opinion filed March 2, 1933.

*Bernard H. English,* Lake City, Florida, Solicitor for Appellants;

514

*Wilson & Wilson,* Lake City, Florida, Solicitor for Appellee.

TAYLOR, Circuit Judge.—On November 24th, 1930, The First National Bank of Lake City, a corporation, Appellee, filed its, Bill in the Circuit Court of Columbia County, Florida , against D. C. Hampton and wife, Anna Hampton, and the Standard Oil Company, Appellants, for the foreclosure of a mortgage given by the Appellants, Hampton and wife, to Appellee, on certain lands in Columbia County, Florida. The Bill of Complaint and exhibts being in usual form, it is not deemed necessary to set out details in this opinion.

On February 2, 1931, Appellants, Hampton and wife, filed their joint and several demurrer to said Bill of Complaint, which was overruled on February 10th, 1931. On March 2nd, 1931, Appellants, Hampton and wife, filed their joint and several plea alleging that on the date of said mortgage and continuously thereafter they were citizens and residents of Columbia County, Florida; that defendant, D. C. Hampton, was and is the head of a family under the Constitution and laws of Florida, and on the date of said mortgage was residing with his family on the land described therein as his homestead; that said land was less than 160 acres and located outside the corporate limits of any incorporated city or town. It is further alleged that the Notary Public taking the acknowledgment of said mortgage was an active officer and agent and/or employee of Appellee-mortgagee and was therefore an interested party and a component part of said mortgage, and also was one of the subscribing witnesses to the execution of said mortgage. It is further alleged that the other subscribing witness to said mortgage was an active agent and/or employee of said mortgagee, an interested

party and a component part thereof, and disqualified to act as such subscribing witness. Said plea concludes by alleging said mortgage to be null and void by reason of incompetency of said subscribing witness and Notary.

On March 21, 1931, Appellee demurred to said plea, which demurrer was overruled by the Court on the ground that it was not the proper procedure to test the sufficiency of said plea. On April 1st, 1931, Appellant filed its motion setting down for argument said joint and several plea and upon hearing the Court held that Chapter 11991, Acts of 1927, validated said instrument and overruled the said plea. August 13th, 1931, Appellants, Hampton and wife, filed joint and several answer in which the defense set up in the plea above described was set out in substantially the same language, and admitted allegations in the first paragraph of the Bill and in general terms, denied all others. Appellee demurred to that portion of the answer setting up the incompetency of the Notary and subscribing witnesses, and which demurrer was, on August 24th, 1931, sustained by the Court. Thereafter, said cause was referred to a Special Master, and evidence taken and reported to the Court and on October 13th, 1931, decee of foreclosure was entered, in which $218.78 attorney's fees were allowed, being ten per cent. of the principal and interest found to be due.

As to Assignments of Error Nos. 1, 4 and 5 wherein the correctness of the rulings of the Chancellor in overruling Appellants demurrer to the Bill of Complaint; the entry of final decree of foreclosure, and allowing solicitors' fee; being of the opinion that no error appears therein and that comment thereon would serve no good purpose, it is not deemed necessary to discuss same. Blount Bros. Realty Co. v. Eilenburged, 98 Fla. 775-124 So. 41.

. As to the Assignments of Error Nos. 2 and 3 wherein Appellants plea was held to be insufficient and demurrer was sustained to that portion of the answer setting up the same defense as was contained in the plea, a careful study of the record discloses that the officers, agents and/or employees of Appellee corporation taking the acknowledgment and witnessing the mortgage, are not alleged to have been stockholders or otherwise interested therein except as such officers, agents and/or employees. An officer, agent or employee of a corporation, not a stockholder, may take acknowledgments or witness the execution of instruments such as mortgages where the corporation is an interested party unless otherwise provided by Statute. Florida Savings Bank & Real Estate Exchange v. Rivers, 36 Foirlda 575, 18 So. 850. Fletchers Cyclopedia of Corporations Vol. 3 page 2488. There being no statutory incompetency in this state, it follows that the execution of said mortgage conformed to the legal requirements and its validity does not depend on the Validating Act of 1927 referred to.

No reversible error appearing by the record, said cause should be and is hereby affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.