HENDRY, Judge.
Backstreet, Inc., insured by a policy with appellant, brought an action to recover for damages due to fire loss. Controversy was centered on the amount of the damages to be paid. Appellant insurer counter-claimed in the nature of interpleader against appel-lee, reciting the existence of a possible claim by appellee in the amount of the controversy. Appellee answered and defended but was voluntarily dismissed from the case during the trial. Verdict was rendered in favor of the insured for $125,000.-00. Subsequently, appellee moved to tax costs and attorney’s fees and the motion was granted and attorney’s fees awarded to appellee in the amount of $2,500.00.[1] Appellant seeks review of the propriety of such an award under § 627.428, Fla.Stat., F.S.A., and also argues the excessive amount of the award. We affirm the award but modify the amount awarded.
Appellee’s alleged interest in this action, upon which the insurer interplead appellee, was the following contract entered into between plaintiff Backstreet, Inc., and appel-lee :
“We [Backstreet, Inc.] hereby retain SARASOHN & CO., Inc., to advise and assist in the adjustment of our loss by fire . . . [and] we hereby assign to them for such services 7}^ per cent of the amount of loss when paid by the insurance companies.” [Emphasis supplied.]
Fla.Stat. § 627.428, F.S.A., provides:
“(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which recovery is had.”
The central question then before us is whether an assignee of a portion of an insured’s recovery against an insurer may recover an attorney’s fee under the statute as an “insured” or “named beneficiary” for its defense of an action brought against it by the insurer. The trial judge answered this question in the affirmative and we concur.
Our Supreme Court has recently recognized that an assignee of an insured’s fire claim loss is entitled to an attorney’s fee *410 award under Fla.Stat. § 627.428, F.S.A. In All Ways Reliable Building Maintenance, Inc. v. Moore, Fla.1972, 261 So.2d 131, 132, the court stated:
“All Ways Reliable was found by implication of the related circumstances to be the assignee of the insured Elsie Moore’s loss claim against the insurance company [and, having successfully sued the insurance company] which denied the claim for the amount representing the fire loss, was entitled concomitantly to the attorney’s fee.
. . [U]nder the broad interpretations which this Court has given Section 627.0127 [now § 627.428, Fla.Stat., F.S. A.], it would appear to follow that an assignee of an insurance claim stands to all intents and purposes in the shoes of the insured and logically should be entitled to an attorney’s fee when he sues and recovers on the claim.”
We are of the opinion that such a holding is controlling in case sub judice where a partial assignee of an insured’s recovery is involuntarily made a party to an action by the insurer and compelled to retain counsel to defend and preserve his claim. See: Johnson v. Atlantic National Ins. Co., Fla.App.1964, 163 So.2d 340; James Furniture Mfg. Co., Inc. v. Maryland Cas. Co., Fla.App.1959, 114 So.2d 722. The award of attorney’s fees to appellee was, therefore, proper.
However, upon review of the record, briefs and arguments of counsel, it appears that counsel for appellee had agreed to defend the instant suit for a fee amounting to $1,746.00.[2] Such an agreement, while not strictly binding on the court, should have been given more weight by the court since the fee thus contracted for was by no means inadequate, being in excess of $50.00 per hour for the time expended. Bosem v. Bosem, Fla.App.1972, 269 So.2d 758 quashed on other grounds, Fla.1973, 279 So.2d 863. Accordingly, we are of the opinion that the trial judge abused his discretion in awarding an attorney’s fee of $2,500.00 to appellee and the award will be modified to $1,746.00.
Therefore, for the reasons stated and upon the authorities cited and discussed, the order awarding attorney’s fees to ap-pellee is hereby affirmed as modified.
Affirmed as modified.

. The insured, Backstreet, Inc., was also awarded attorney’s fees in the amount of $8,000.00.

. The record reflects an agreement for counsel to receive $60.00 per hour for his work, and counsel testified to 29.1 hours spent on the case.