356 So.2d 830 (1978)
BORG-WARNER ACCEPTANCE CORPORATION, Appellant,
v.
PHILCO FINANCE CORPORATION, a Corporation, Appellee.
ELDER MOVING & STORAGE COMPANY, Appellant,
v.
APPLIANCE BUYERS CREDIT CORPORATION, a Corporation, Appellee.
Nos. FF-452 and GG-320.
District Court of Appeal of Florida, First District.
March 1, 1978.
*831 Carle A. Felton, Jr. of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellant.
William R. Swain, and Douglass E. Myers, Jr. of Webb, Swain & Watson, Jacksonville, for appellee.
Kevin V. Canipelli of Schwartz & Bolinger, Jacksonville, for appellant.
Carle A. Felton, Jr., William R. Swain, and Douglass E. Myers, Jr., of Webb, Swain & Watson, Jacksonville, for appellee.
ERVIN, Judge.
These consolidated cases present us with the question whether an award of attorney fees was appropriate. Borg-Warner's appeal claims its contract of indemnity with Elder did not make it liable to pay fees for attorneys supplied to Elder by Elder's insurance company, Security Insurance. Elder's appeal, brought by Elder's private counsel, questions the propriety of the order directing a portion of the fee awarded be divided with insurance counsel.
Appliance Buyer's Credit Corporation brought an action seeking to replevin certain merchandise against Van's Appliance Center, which in turn filed a cross-claim against Elder Moving and Storage Company and Borg-Warner Acceptance Corporation based upon negligence, conversion, trespass and intentional interference with its business relationships as a result of its inventory's repossession by Elder. Elder filed a cross-claim against Borg-Warner in two counts, alleging (1) that it performed certain services at the request of Borg-Warner, under the direct supervision of Borg-Warner, and that but for the actions of Borg-Warner, Elder would not be a defendant; (2) that it relied upon instructions of Borg-Warner in repossessing certain goods from Van pursuant to a written contract of agency. The general prayer for relief at the conclusion of the complaint sought damages against Borg-Warner for all damages which Elder might be liable to Van, including costs and attorney fees. While Elder's insurance carrier undertook the defense, it gave notice no coverage was provided for conversion or punitive damages. Elder then hired private counsel to assist it in defending those claims. Summary judgment was entered in favor of Elder on both counts, finding it entitled to full indemnification from Borg-Warner as to any damages adjudged against Elder. The trial court awarded to it $16,300 in attorney fees, of that amount $8,909.80 was payable to insurance counsel.
Borg-Warner argues there is nothing in the contract[1] obligating it to pay *832 attorney fees for insurance counsel; that the contract only allows fees for which Elder is responsible  not those which Elder's insurer provided. It additionally argues that since count one of the complaint did not include a specific demand for attorney fees, although count two did, Elder is precluded from any recovery as to the claim asserted under count one. Borg-Warner's argument is without merit. The failure of Elder to include a specific request for attorney fees under count one matters not. Count two of its cross-claim specifically realleged paragraphs one-four of count one. It made a general prayer for attorney fees at the conclusion of its claim. It is sufficient that the prayer requesting attorney fees follow the complaint as a whole, whether it is referable to all or to one or more of several counts in the complaint. 61 Am.Jur.2d Pleading, section 120 (1972).
Borg-Warner misunderstands the purpose of an award for attorney fees. A fee money award is payable by one party to another as an indemnity for fees reasonably contracted or incurred, not by one party to the other's lawyer, either as a debt or a penalty. Valparaiso Bank & Trust Co. v. Sims, 343 So.2d 967, 971 (Fla. 1st DCA 1977); Keena v. Keena, 245 So.2d 665 (Fla. 1st DCA 1971); Chaachou v. Chaachou, 135 So.2d 206 (Fla. 1961). If the total sum awarded was a reasonable indemnity to Elder for fees which it incurred in defending Van's action and in pursuing its cross-claim, Borg-Warner has no further interest in the allocation of the award. Borg-Warner has advanced no argument that the award, other than its allocation, was unreasonable. Nor has Borg-Warner appealed the summary judgment finding it liable on both counts of Elder's cross-claim. While Elder's claim for indemnity from Borg-Warner in count two relied strictly upon contract, count one was molded upon an active-passive theory of negligence. This ground of indemnity has long been recognized. Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla. 1st DCA 1963); Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974). The general rule is that reasonable fees may be recovered in an indemnity action whether the indemnity is implied by law or arises from contract. Morse Auto Rentals, Inc. v. Dunes Enterprises, Inc., 198 So.2d 652 (Fla. 3d DCA 1967). Moreover indemnity contracts have been construed as permitting a defendant's insurer, which defended the cause and assumed responsibility for any judgment within the limits of the policy, to be subrogated to the rights of its insured. General Accident Fire and Life Assurance Corp., Ltd. v. Smith and Oby Co., 272 F.2d 581, 77 A.L.R.2d 1134 (6th Cir., 1959); Lesmark, Inc. v. Pryce, 118 U.S.App. D.C. 194, 334 F.2d 942 (1964).
Since we find no merit in Borg-Warner's appeal, we similarly find no merit in the appeal by Elder's private counsel arguing it alone is entitled to the total fee award.
The judgment is AFFIRMED.
SMITH, Acting C.J., and BOOTH, J., concur.
NOTES
[1] The contract states in part:

"The Depositor [Borg-Warner] shall pay all necessary costs and expenses and a reasonable attorney's fee for which the Company [Elder] may be liable or compelled to pay in connection with such litigation...."