385 So.2d 728 (1980)
TRUSTEES OF CAMERON-BROWN INVESTMENT GROUP, Appellants,
v.
Jeanette E. TAVORMINA and Justin P. Havee, As Trustees for D. Mitchell Investments, Inc., a Florida Corporation and Harriet P. Mitchell, Appellees.
No. 79-895.
District Court of Appeal of Florida, Third District.
July 8, 1980.
Bailey & Dawes and Jesse C. Jones, Miami, for appellants.
Greenfield & DuVal and Harvie S. DuVal, Coral Gables, for appellees.
*729 Before HENDRY and SCHWARTZ, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
HENDRY, Judge.
Beginning in 1972, appellees obtained a series of construction loans from appellants and others, ultimately totalling three and one-quarter million dollars. The loans were evidenced by promissory notes, and secured by various mortgage instruments. In 1976, appellants were forced to foreclose. In that foreclosure action, the loans were found to be usurious, and appellants' award was limited by the statutory penalty to somewhat over half the amount of the principal indebtedness. The trial court found, however, that appellants were contractually entitled to attorneys' fees, and awarded same, "exclusive of the hours expended on the usury issue... ."
Appellants contend that the fee award should reflect the undivided whole of their attorneys' efforts; however, we agree with the trial court that appellants are not entitled to reimbursement for their attempt to enforce usurious loan provisions.
We refer to Wilson v. Conner, 106 Fla. 6, 142 So. 606 (Fla. 1932), wherein the Supreme Court said, on similar facts:
The allowance of an attorney's fee should ... have eliminated therefrom any measure of compensation for services rendered in this case in support of the attempted collection of usury on behalf of the creditor; that is, no indemnity for attorney's fees should be allowed to complainant for any legal services rendered in connection with efforts to enforce the usury, as distinguished from foreclosing the mortgage for the legally enforcible amount of the debt.
142 So. at 609; cited in Feemster v. Schurkman, 291 So.2d 622, 630 (Fla. 3d DCA 1974).
We affirm that portion of the decision excluding from appellants' fee award that amount representing effort expended on the usury issue.
The second prong of appellants' challenge to the order of the trial court presents greater difficulty.
Appellants' award below was computed with reference to the hourly fee contract entered into between the appellants and their attorneys. It is urged, however, that appellants contracted with appellees for "all costs of collection, including a reasonable attorney's fee" (as evidenced by the appearance of that language in the promissory notes issued by appellees), and that appellees are thus obligated to pay a "reasonable" fee, rather than the amount appellants actually owe. Since appellants' actual fee expense is less than $25,000, and testimony adduced at trial suggests that a "reasonable" fee might exceed $100,000, the issue is of some moment to both parties.
The trial court limited appellants' fee award to their actual expense, feeling constrained to do so by 1930's Florida Supreme Court caselaw. Appellants argue that those cases, although not explicitly overruled or disavowed, are moribund; they point to a series of more recent cases in which awards by the court were made on the basis of "reasonability", and in contravention of the terms of fee agreements between parties and their counsel. Moreover, appellants argue, allowing appellees to profit by appellants' advantageous fee arrangement violates the collateral source rule.
This last proposition may be briefly dispatched. As appellees note in response, the collateral source rule is an ingredient of the law of torts. It was developed to prevent a tortfeasor's avoidance of the civil punishment meted out for his wrongdoing. Conversely, it is basic to the law of contracts that the measure of damages is the plaintiff's injury, rather than the defendant's culpability. Although sharp distinctions blend where the breach of a contract has some personal or emotional effect on another party, the laborious formulation of a multimillion dollar loan agreement between businesspeople is hardly such an instance. We are not aware of an instance in which the collateral source rule has been applied to penalize a breaching party, and we are not disposed to so apply it.
*730 We now turn to appellant's contention that modern caselaw demonstrates their right to "reasonable" fees irrespective of their arrangement with counsel. They argue that this more recent treatment supersedes the older cases relied on by the trial court, which are adverse to their position. We affirm, nonetheless, the decision of the court below that the earlier authority has not been eviscerated by more recent doctrine, and that it indeed controls in favor of appellees.
It is necessary to briefly review the caselaw relied upon by the circuit court.
In 1935, the Florida Supreme Court considered a "reasonable fee" provision in a two-thousand dollar note from Daisy Mallard to Charles Ewing:
This subject has been discussed by this court sufficiently to clearly establish the rule by which the trial courts of this state should be guided in such matters. The rule, to again restate it, is: "Fees allowed mortgagee for his solicitor's services in foreclosure proceedings being intended as indemnity for expenditures necessarily made or incurred to protect his interest, he can recover from mortgagor only usual and customary fees which he has paid or obligated himself to pay solicitor." (Italics supplied.) Brett v. First [National] Bank [of Marianna], 97 Fla. 284, 120 So. 554, 555 [(Fla. 1929)].
Mallard v. Ewing, 121 Fla. 654, 164 So. 674, 678-79 (Fla. 1935).
That reference is to the court's 1929 decision, wherein they refused to award attorney's fees payable under a deed stipulation, because the mortgagee neglected to supply evidence of his obligation to pay counsel.
In foreclosure proceedings in our state, the fee allowed the mortgagee for the services of his solicitor in the proceedings is intended as an indemnity to the mortgagee for expenditures necessarily made or incurred to protect his interest. United States Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567 [, 572 (Fla. 1920)].
Brett, supra, 120 So. 554.
In Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 775, 124 So. 41 (Fla. 1929), the holder of a delinquent note sought a "reasonable attorney's fee", as provided for in the note, without a showing of fee obligation to his attorney.
It appears by the record that suit has been brought on the note after maturity and that plaintiff sues by an attorney. There is evidence that $1,000 is a reasonable fee for the services of the attorney. But that is not enough. Non constat but that plaintiff's attorney has agreed to accept as compensation for his services a sum less than that provided for in the note, in which event no more than the amount agreed upon between the plaintiff and his attorney could be recovered from the maker of the note, as the debtor's contract to pay the fee is one of indemnity.
Blount, supra, 124 So. at 42.
The foregoing authority clearly supports the judgment of the trial court that the proper measure of appellants' award is their fee expense or indebtedness; nevertheless, appellants contend that courts will not be bound, in assessing reasonable attorneys' fees pursuant to contract, by the fee agreement between a successful party and his attorney.
Appellants are correct: When a court determines a "reasonable fee", it does so on the basis of quantum meruit; the fee arrangement between a successful party and his counsel is not dispositive of which fee best approximates that standard. Were the rule otherwise, courts would find themselves as the instruments of enforcement, as against third parties, of excessive fee contracts. The power of the trial court is attended by the responsibility of its judicious exercise, and it will not exercise its authority blindly.
The juxtaposition of the two standards  fee award as indemnity, and "reasonable" fee award  raises conflict. We are aware of no instance in which the seemingly contradictory standards have been reconciled, and indeed find that they have been used in tandem on occasion. See Valparaiso Bank & Trust Co. v. Sims, 343 So.2d 967 (Fla. 1st *731 DCA), cert. denied 353 So.2d 678 (Fla. 1977). We find, however, that the language commonly used in the first district decisions is helpful. See, e.g., Borg-Warner Acceptance Corp. v. Philco Finance Corp., 356 So.2d 830 (Fla. 1st DCA 1978): "A fee money award is payable by one party to another as an indemnity for fees reasonably contracted or incurred. ..." 356 So.2d at 832 (emphasis supplied).
The first question a trial court must answer when faced with a demand for attorneys' fees is not what a reasonable fee might be in the absence of any fee contract between the claiming party and his attorney, but whether the actual fee agreement against which the claimant seeks indemnity is unreasonable: Specifically, whether the agreement is excessive, under the terms of the Fla.Bar Code Prof.Resp., D.R. 2-106(B). If the fee is not excessive, and it is enforcible by both parties thereto, that fee should be awarded. If the fee is excessive, then the court should proceed to the determination of a "reasonable" fee, i.e., a quantum meruit fee, based on the same factors it considered when it evaluated the fee contract.
With very limited exception, Florida caselaw on this subject regards contingent fee contracts between winning parties and counsel.[1]
The amount which a person may agree to pay as a contingent fee ordinarily is not a fair measure of the value of the legal services involved. This is true because, in the case of a contingent fee where nothing will be payable in the absence of recovery, the fee to be paid in the event of recovery usually is set higher than would be a flat fee for the services actually performed. Also, if a party to a contract such as the one involved in this case could require the defaulting party to pay any fee which the former might arrange with his attorney, he would be inclined to be liberal in contracting with his attorney. It must be kept in mind that the defendant... was not a party to the fee contract which the (plaintiff) made with its attorneys, and is not bound thereby. Therefore, the question ... was the reasonable value of the services of plaintiff's counsel.
Ronlee, Inc. v. P.M. Walker Co., 129 So.2d 175, 176-77 (Fla. 3d DCA 1961) (footnote omitted).
An exception to the contingent fee cases is found in Federal Insurance Co. v. Sarasohn & Co., 281 So.2d 408 (Fla. 3d DCA 1973). Below, an insured's assignee had been awarded attorney's fees under § 627.428, Fla. Stat. (1973). Although its fee agreement was for $1,746, or $60 per hour, the trial court awarded fees of $2,500. This court reduced the award to the lower amount, "since the fee thus contracted for was by no means inadequate." 281 So.2d at 410.
We expressly limit our holding to those instances in which two contracts exist: One between the parties, and one between a party and his counsel. We exempt from our consideration the awarding of fees by statutory authority which embodies public policy considerations not pertinent hereto. Cf. Bosem v. Bosem, 279 So.2d 863 (Fla. 1973), rev'g 269 So.2d 758 (Fla. 3d DCA 1972).
Contractual provision for reasonable attorney's fees is enforcible as an agreement for indemnification; an award based on such a provision is properly limited to the reasonable (read: non-excessive) expense actually incurred by the obligee thereunder: A party contractually entitled to his attorney's fees may recover the amount he must pay his lawyer, or a reasonable fee, whichever is lower.
We affirm the final order of the trial court.
Affirmed.
NOTES
[1] See, e.g., Travelers Ins. Co. v. Davis, 411 F.2d 244 (5th Cir.1969); Kaufman & Broad Home Syss., Inc. v. Sebring Airport Auth., 366 So.2d 1230 (Fla. 2d DCA 1979); Universal Underwriters Ins. Co. v. Gorgei Enterprises, Inc., 345 So.2d 412 (Fla. 2d DCA 1977); Ins. Co. of N. America v. Welch, 266 So.2d 164 (Fla. 4th DCA 1972); Old Colony Ins. Co. v. Bunts, 250 So.2d 291 (Fla. 3d DCA 1971); Ronlee, Inc. v. P.M. Walker Co., 129 So.2d 175 (Fla. 3d DCA 1961).