**In re FLORCAR, INC., Carnie Investments, Inc., Debtors.**

**The NINE–EIGHT CORPORATION and Palermo Realty, Inc., Plaintiffs,**

**v.**

**CARNIE INVESTMENTS, INC. Florcar, Inc. and Irving Gennet, Trustee, Defendants.**

**Bankruptcy Nos. 81–00471–BKC–TCB, 81–00473–BKC–TCB. Adv. No. 81–0512–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

Jan. 18, 1982.

Arthur Weitzner, Coral Gables, Fla., for defendants.

Daniel Bakst, West Palm Beach, Fla., for trustee.

Norman L. Schroeder, Lake Worth, Fla., for Palermo Realty, Inc.

Eugene J. Fierro, Coral Gables, Fla., for counterplaintiff.

L. Louis Mrachek, J. A. Plisco, Palm Beach, Fla., for plaintiff.

## MEMORANDUM DECISION—AMOUNT OF ATTORNEYS' FEES

THOMAS C. BRITTON, Bankruptcy Judge.

In a memorandum decision of December 8, 1981, defendants' liability to the plaintiff, Nine-Eight Corporation, for attorneys' fees was fixed. (C.P. No. 23). At the parties' request, a separate hearing was held on December 15 to consider the amount. Nine-Eight Corporation seeks $9,687 and costs of $728 for the services of L. Louis Mrachek and $16,465 and costs of $443 for the services of J. A. Plisco, or a total of $27,323.

The liability for fees in this instance is contractual. In a Partial Assumption Agreement of July 18, 1980, the defendants agreed to pay:

> "(5) . . . reasonable attorneys fees and costs incurred by Buyers . . . as a result of any default in said note or mortgage caused by Seller . . ."

and

> (14) . . . in any dispute between the parties involving this Agreement, the prevailing party shall be entitled to attorney fees and costs."

The matter is governed by Florida law where it is settled that a trial court may not, over objection, award fees in the absence of expert testimony. *Lee v. Gilbert, Silverstein & Hellman*, Fla.App. 1977, 350 So.2d 1147. Expert testimony is not necessary in this court. *Matter of First Colonial Corp. of America*, 5 Cir. 1977, 544 F.2d 1291, 1300. In this case, the parties agreed that plaintiffs could submit their proof by detailed applications without expert testimony and defendants offered only argument in opposition. Expert testimony is not a jurisdictional prerequisite. *In re Estate of Buchman*, Fla.App. 1972, 270 So.2d 384, 385.

In Florida, a party contractually entitled to his attorney fees recovers the amount he must pay his lawyer, or the reasonable fee, whichever is less. *Trustees of Cameron-Brown v. Tavormina*, Fla.App. 1980, 385 So.2d 728, 731. In this instance,

Nine-Eight Corporation agreed to pay its attorneys on an hourly basis $125 for Mrachek and $100 for Plisco ($125 for out of office time). The attorneys have already been paid $14,080 for their services, $2,500 for Mrachek and $11,580 for Plisco, plus $507 costs.

The factors to be considered in assessing fees are specified in the Florida Code of Professional Responsibility, DR 2–106(B). The parties offered no proof as to four of the eight factors: (2), (5), (6) and (7). I assume that these factors are not significant in this instance. The remaining four factors are (1) the time, the difficulty and the skill required, (3) customary charges in the area, (4) the amount and results involved, and (8) whether the fee is fixed or contingent. There was no contingency here. The remaining factors are considered below.

*Mrachek* was employed in April, 1981, solely for representation in this court. In October, he filed this action to determine title. On the eve of trial in November, defendants capitulated except as to the recovery of fees. He prevailed in that issue as well. The five months that intervened between the time he had his complaint ready and the time it was filed was due, I suppose, to efforts to settle the matter. The property in question is worth well over $1 million. Though there is no evidence of the value of Nine-Eight's equity, I assume it is substantial. Mrachek did an excellent job. I cannot assess its novelty or difficulty, because the issues were settled, but I assume it required the time he spent on it. His hourly rate, though on the high side, is not so clearly unreasonable as to be disregarded.

His records, which are complete, reflect 78 chargeable hours. This includes 19.6 hours spent conferring with Plisco who initially represented Nine-Eight and 11 hours travel between Miami, where he practices, and Palm Beach, where this case was filed.

■ A client may employ any attorney he wishes, but if he chooses one 75 miles from the scene of the action he cannot reasonably require his adversary to pay for travel unless no acceptable representation was available in Palm Beach. At Mrachek's rates, he did not need more than an initial briefing from Plisco and this case did not reasonably require two attorneys.

■ Adjusting for the foregoing two items, I find that $6,000 is a reasonable fee for Mrachek's services. His costs of $728 are also reasonable and appropriate.

*Plisco* was employed in December, 1980, five months after his client had bought the property and one month before a default decree was entered against his client in the State court mortgage foreclosure he was hired to defend. He, too, benefited his clients, keeping the mortgage alive when there was no apparent legal defense. His records, which give a category (e.g. conference, research, hearing), but no other clue as to how the time was spent, show that he spent 51 hours on the State foreclosure ($5,653) and 124 hours on the adversary proceeding filed in this court ($10,812).

■ As has been noted, he did not appear as counsel in this court. There is no basis in this record for me to find all this time reasonably chargeable to defendants in connection with that litigation. The burden is on counsel to prove the reasonableness of his fee and normally that requires that he show how his time was spent. *Matter of First Colonial Corp. of America,* 5 Cir. 1977, 544 F.2d 1291, 1299.

■ Similarly, there is insufficient explanation as to how Plisco spent his time in the State court foreclosure, and 51 hours appears excessive in a case which resulted in a default decree within four weeks after his employment.

However, I have assumed that Plisco spent considerable time effectively negotiating on behalf of his clients behind the scenes both in the mortgage foreclosure and in the title litigation conducted in this court. Giving him the benefit of this doubt, I find that $5,000 is a reasonable fee for his services in the two matters.

■ He claims expenses of $443 of which $250 are for photocopies, an extraordinary

number. I disallow this item, because it is a normal item of office overhead these days, replacing the carbon copies produced in an earlier era. I have considered this expense in fixing his fee. The remaining costs of $193 are allowed.

As is required by B.R. 921(a), a separate judgment will be entered permitting Nine-Eight corporation to offset as the parties have stipulated, the total sum of $11,921 against the $65,574 which remains payable by the plaintiffs to defendants.