462 So.2d 107 (1985)
George D. DUNN and Diane M. Dunn, Appellants/Cross-Appellees,
v.
SENTRY INSURANCE, Etc., Appellee/Cross-Appellant.
No. 83-710.
District Court of Appeal of Florida, Fifth District.
January 17, 1985.
*108 Raymond A. Haas and Dennis P. Dore, of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Daytona Beach, for appellants/cross-appellees.
Charles D. Hood, Jr., of Cobb & Cole, P.A., Daytona Beach, for appellee/cross-appellant.
ORFINGER, Judge.
Appellants/cross-appellees George and Diane Dunn appeal a final judgment awarding $12,500.00 in damages plus $15,000.00 in attorney's fees to appellee/cross-appellant Sentry Insurance Company arising out of an employment contract dispute.[1] Appellants demonstrate no error, so with respect to the issues raised by appellants, the final judgment is affirmed.
By cross-appeal, Sentry suggests that the trial court's award of attorney's fees and costs was erroneous because it was inadequate. The trial court awarded Sentry $15,000.00 in fees, although Sentry actually expended $32,563.70 for the services of its counsel. Sentry's costs in these proceedings totalled $5,535.00, but the court awarded $2,830.00. No explanation of how these costs were calculated appears in the record. Sentry's claim to an award of attorney's fees is based on the contractual provision between the parties which provides, in essence, that if Sentry is successful in any action to enforce the provisions of the contract, the Sales Representative (Dunn) agrees to pay to Sentry "reasonable attorneys' fees to be fixed by the court ..."
A contractual provision that the losing party will pay the prevailing party's attorney's fees is an agreement for indemnification, i.e., to indemnify the prevailing party for fees reasonably contracted or incurred. Borg-Warner Acceptance Corp. v. Philco Finance Corp., 356 So.2d 830 (Fla. 1st DCA 1978). Because the agreement is one for indemnification, the prevailing party under this agreement can recover no more than the amount he has actually paid or obligated himself to pay his attorney. Mallard v. Ewing, 121 Fla. 654, 164 So. 674 (1935); Blount Bros. Realty Co. v. Eilenberger, 98 Fla. 775, 124 So. 41 (1929). But this is not tantamount to saying that the party entitled to recover must be awarded the amount which he has paid or agreed to pay his attorney, if that amount is excessive or unreasonable. In Trustees of Cameron-Brown Investment Group v. Tavormina, 385 So.2d 728 (Fla. 3d DCA 1980) the court observed:
The first question a trial court must answer when faced with a demand for attorneys' fees is not what a reasonable fee might be in the absence of any fee contract between the claiming party and his attorney, but whether the actual fee *109 agreement against which the claimant seeks indemnity is unreasonable: Specifically, whether the agreement is excessive, under the terms of the Fla.Bar Code Prof.Resp., D.R. 2-106(B). If the fee is not excessive, and it is enforcible by both parties thereto, that fee should be awarded. If the fee is excessive, then the court should proceed to the determination of a "reasonable" fee, i.e., a quantum meruit fee, based on the same factors it considered when it evaluated the fee contract. [Emphasis supplied].
Id. at 731.
The hourly fee of $55.00 charged by cross-appellant's counsel would appear on its face to be reasonable, and there was expert witness testimony suggesting that a reasonable fee for prosecuting Sentry's claim against the Dunns, and defending the Dunns' counterclaim against Sentry, would be approximately $34,000.00. However, the trial court is not bound to arbitrarily and mechanically award the fee which the prevailing party has agreed to pay its counsel, where it is claimed that such fee is excessive. The trial court should first determine if the agreed upon fee is excessive or unreasonable, and if it is not, and the client has paid it or is obligated to pay it, that fee should be awarded. If the fee is deemed excessive or unreasonable, the court should proceed to determine what is a reasonable fee. See Trustees of Cameron-Brown, supra. Thus the trial court may find the agreed upon fee to be excessive for a variety of reasons, and if such finding is made, a lesser (and reasonable) fee shall be awarded.
No finding of excessiveness was made here, although the record suggests that such could have been the basis for an award of a lesser amount. For example, in response to the argument that too much time was devoted to this case by Sentry's attorneys for the results achieved, Sentry says that winning the case was important to it, because many similar contracts with other sales representatives would be governed by the result here. While Sentry has the unquestioned right to consider the ripple effect of this case in contracting with its counsel, the trial court could conclude that the results obtained in this case did not justify the imposition of the higher fees on the Dunns. See The Fla.Bar Code Prof. Resp., D.R. 2-106(B). See also, Erickson Enterprises, Inc. v. Louis Wohl & Sons, Inc., 422 So.2d 1085 (Fla. 3d DCA 1982).
Here, the fee agreement between Sentry and its counsel is not on its face unreasonable and the trial judge awarded a lesser amount without finding that the fees paid by Sentry were excessive. Therefore, we set aside the fee award and remand this cause to the trial court for entry of findings as to whether the amounts requested by Sentry were reasonable or excessive, and for entry of an award of fees in accordance with such finding and this opinion. We find no abuse in the trial court's discretion in its award of costs. We grant Sentry's motion for appellate attorney's fees and direct the trial judge to award Sentry a reasonable fee for the services of its counsel on appeal.
AFFIRMED in part and REVERSED in part and REMANDED.
DAUKSCH, J., concurs.
COBB, C.J., concurs in part, dissents in part with opinion.
COBB, Chief Judge, concurring in part; dissenting in part.
I concur with the majority opinion except for its reversal of the attorney fee awarded by the trial court. The reversal is based on the absence of an express finding of excessiveness by the trial court in regard to Sentry's requested fee. There is no requirement that trial judges must support their decisions with such express factual findings. Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984). The fact that the trial judge rejected the requested fee and awarded a lesser one clearly is an implicit finding that the former was excessive.
The trial judge, as the fact finder, may have disbelieved the work hours claimed in support of the requested fee. He may *110 have considered a number of the hours unnecessary in this case, therefore unreasonable. He may have considered the disparity between the amount of the recovery and the requested fee (two-and-a-half times greater) a proper factor for his consideration. See Folmar v. Davis, 108 So.2d 772 (Fla. 3d DCA 1959).
The amount awarded as an attorney fee is largely in the discretion of the trial judge, and should not be disturbed on appeal unless clearly unreasonable. Esch v. Forster, 123 Fla. 905, 168 So. 229 (1936). I would simply affirm.
NOTES
[1] This court previously reversed an order of the trial court denying Sentry's motion for preliminary injunction in this case. See Sentry Insurance v. Dunn, 411 So.2d 336 (Fla. 5th DCA), pet. for rev. denied, 419 So.2d 1196 (Fla. 1982).