466 So.2d 274 (1985)
Franco PEZZIMENTI and Molly Musca, Appellants,
v.
L.R. CIROU and Doris L. Cirou, Appellees.
No. 84-1027.
District Court of Appeal of Florida, Second District.
February 15, 1985.
Rehearings Denied March 25, 1985.
*275 George Vega, Jr., of Vega, Brown, Nichols, Stanley & Martin, P.A., Naples, and John R. Norton, Cleveland, Ohio, for appellants.
Michael R.N. McDonnell of McDonnell, Buckel & Berry, Naples, for appellees.
CAMPBELL, Judge.
Appellant, Molly Musca, seeks review of the final judgment of foreclosure of a mortgage and the judgment awarding attorney's fees of $11,000 to appellees, L.R. and Doris L. Cirou. We affirm as to the order of foreclosure and reverse the award of attorney's fees. We note that although the notice of appeal named Franco Pezzimenti as an appellant, he defaulted in the trial court and, therefore, is not a party to this appeal.
On February 12, 1982, Franco Pezzimenti, as trustee, executed a note and mortgage in favor of appellees to secure the purchase of certain real property for $550,000, less a down payment of $100,000. The monthly payments were approximately $5,400. Pezzimenti transferred the property by quitclaim deed to Molly Musca on April 7, 1982.
In late April or May of 1982, the appellees, for the first time, learned of the quitclaim deed through a search of the public records and at the same time discovered that mechanic's liens of $22,000 had been filed against the mortgaged property. The liens were filed after contractors hired by the mortgagor (appellant or Pezzimenti) to improve the property were not paid. Appellees retained the services of an attorney, who sent a letter demanding removal of the liens. Appellant informed the attorney that the liens would be removed within a *276 week. The liens were released five days later. Appellees' attorney billed appellees $550 for his services. Appellees requested that appellant pay those charges pursuant to terms of the note and mortgage, but appellant refused.
On July 8, 1982, appellees received a notice that the insurance coverage on the mortgaged property would lapse on July 19, 1982. Appellees had received no notice from appellant that insurance coverage had been obtained as required by the mortgage. Therefore, appellees ordered an insurance binder on the mortgaged property and requested that the bill be sent to them. The bill was sent to appellant, who paid it; the policy purchased had a retroactive effective date so that the mortgaged property was never uninsured.
The purchase agreement contained a provision leasing back a portion of the mortgaged premises to appellees. On October 28, 1982, appellees deducted $98.97 from their lease payment to appellant. This deduction represented an electric bill of $86.06, and a handling charge of fifteen percent allegedly owed to appellees from appellant, or appellant's tenants, under the lease. In turn, appellant deducted $98.97 from the November mortgage payment. The November mortgage payment was rejected by appellees and appellant was given a notice of acceleration and foreclosure for nonpayment.
The grace period on the mortgage payment was shorter than the grace period for the lease payment. On December 1, 1982, after the mortgage grace period had expired, but before the lease grace period expired, appellees sent appellant the $98.97 previously deducted from the lease payment. Upon receipt of the $98.97, on December 1, 1982, appellant mailed back the $5,301.80 November mortgage payment, plus a check for $98.97, on December 2, 1982. Both checks were returned and appellant was again advised that the note and mortgage were being accelerated and foreclosed upon.
The foreclosure action was filed on November 29, 1982. The trial court ordered foreclosure and made the following findings of fact pertinent to this appeal. First, appellees' interests were jeopardized by the manner in which appellant acted. Second, appellant never paid the attorney's fees required for removing the liens. Third, appellees' interests were jeopardized when the insurance lapsed on the mortgaged property.
On appeal, appellant argues that minor and technical breaches of the note and mortgage did not impair the security of the mortgage and, therefore, foreclosure was improper. We decline to find that the trial court erred.
We first address the problem of the deduction of $98.97 from the November mortgage payment. Appellant maintains that the deduction of $98.97 was induced by appellees and was the setoff for the utilities bill discussed above. Also, the $98.97 was promptly offered to appellees on December 2, 1982, after appellant received the $98.97 for the utilities bill. Furthermore, the security was not impaired by the deduction of $98.97 from the payment of $5,400.
The reason for the deduction is largely irrelevant, as was the reason for the failure to pay in David v. Sun Federal Savings and Loan Association, 461 So.2d 93 (Fla. 1984). Failure to pay goes to the heart of the agreement between the mortgagor and mortgagee, and is not a mere technical breach. David. Mortgagees have a right to accelerate upon default of contract conditions directed toward the preservation of the security, such as payment of installments of principal or interest. Clark v. Lachenmeier, 237 So.2d 583 (Fla. 2d DCA 1970). However, mortgage foreclosure is an equitable remedy. The general rule in Florida is that there must be impairment of the security before foreclosure is granted and foreclosure must not be unconscionable or inequitable. Clark. Thus, the trial court, sitting in equity, could have denied foreclosure based solely on the relatively small deduction from the November mortgage payment as being inequitable and failing to pose a significant threat to the security of the mortgage. However, *277 the deduction from the November payment must be considered in the light of the other technical breaches of the note and mortgage.
The trial court also found that appellant breached the mortgage by allowing the insurance on the property to lapse, contrary to the mortgage covenants. Appellant argues that the mortgage was not breached because the property was never uninsured. Appellant appears to be taking advantage of appellees' action in ordering an insurance binder on the subject property, which, upon payment by appellant, had a retroactive effective date. Under the mortgage, appellees were entitled to obtain insurance without waiving their right to foreclose in the event that appellant failed to obtain insurance. Under these facts, it appears there was sufficient evidence to support the trial court's finding that appellees had cause to be concerned about the impairment of the security when appellant did not make provision for renewal of the insurance prior to the time appellees received notice that it was to lapse.
Appellant also claims that the lapse in the insurance coverage was a technical breach of the mortgage, which could not be the basis of foreclosure. This argument must fail. In Delgado v. Strong, 360 So.2d 73 (Fla. 1978), the court found that despite the technical nature of the breach, the failure to maintain insurance, the mortgagees were justified in their belief that their security was in jeopardy and, therefore, foreclosure was proper.
The failure to pay attorney's fees incurred in the removal of mechanic's liens was also a technical breach of the mortgage. The mortgage provides that the mortgagor agrees to promptly pay all liabilities and encumbrances on the property. The mortgage also holds appellant liable for a reasonable attorney's fee if counsel "shall be employed ... due to the failure of the mortgagor (appellant) to comply with the covenants of the note and mortgage." A release of the mechanic's liens against the mortgaged property was necessary to keep it free from liabilities and encumbrances. Therefore, refusal to pay the attorney's fees so incurred could be considered a breach of the mortgage covenants.
Appellant's refusal to pay appellees' attorney's fees, when combined with the other circumstances, indicates an unwillingness to abide by the covenants of the note and mortgage. We reject appellant's argument that the trial court erred by ordering foreclosure based on the breaches of the mortgage described above. While the remedy of foreclosure seems harsh, and we might not have concluded that it was necessary, the trial court had both parties before it, and we cannot say that it was an abuse of discretion for the trial court to find that appellees were justified in believing that the security of their mortgage was jeopardized. It would be improper for us to reevaluate the evidence and substitute our judgment for that of the trial court in this instance. Delgado v. Strong; Campbell v. Werner, 232 So.2d 252, 256 (Fla. 3d DCA 1970).
Finally, we address the award of attorney's fees of $11,000 in the face of appellees' fee contract providing for the payment of $5,000 in attorney's fees, plus whatever the court deems reasonable. "A party contractually entitled to his attorney's fees may recover the amount he must pay his lawyer, or a reasonable fee, whichever is lower." Trustees of Cameron-Brown Investment Group v. Tavorima, 385 So.2d 728, 731 (Fla. 3d DCA 1980). See also Dunn v. Sentry Insurance, etc., 462 So.2d 107 (Fla. 5th DCA 1985). Thus, appellees' recovery was limited to the fee of $5,000 provided for in the fee contract because that amount was lower than what the court determined to be a reasonable fee.
Appellees have filed a motion for attorney's fees for this appeal. That motion asks for fees in the amount of ten percent of the principal amount of the note, less the amounts heretofore paid as provided for in a contract of employment between appellees and their attorney. We grant the motion *278 but remand to the trial court for the determination of a reasonable fee under the rule approved herein and set forth in Tavorima and Dunn.
Affirmed in part, reversed in part and remanded for entry of an award of attorney's fees in accord with this opinion.
OTT, A.C.J., and FRANK, J., concur.