## GOUDEY v KING
### Case No. CL 87-7730 AJ
Fifteenth Judicial Circuit, Palm Beach County
June 5, 1990

### APPEARANCES OF COUNSEL

**Joseph Vetrick, Esquire,** for plaintiff.
**Joseph Kuharcik, Esquire,** for defendant.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

*JUDGMENT AGAINST DEFENDANT FOR ATTORNEY'S FEES AND COSTS*

This matter came before the court for hearing on the plaintiff's motion for attorney's fees and costs (D.E. 74) on October 16, 1989. Joseph Vetrick, Esq. appeared on behalf of the plaintiff; Joseph Kuharcik, Esq. appeared on behalf of the defendant.

At the hearing, it became apparent to the court that one-half hour

was insufficient time to receive testimony on the plaintiff's motion. Paul Sullivan, Eric Santo, Joseph Vetrick, and Joseph Kuharcik, all attorneys, were present for the hearing and prepare to testify. According to the transcript and judge's notes, the court suggested that the parties and witnesses, along with the court reporter present at the hearing, convene in a nearby courtroom, and that the parties present the court with the remaining testimony. No objection was made in the court's presence, and the court assumes that counsel had agreed to submitting the remaining testimony by deposition.

Apparently there was some miscommunication between the attorneys and the court. The judge's notes reflect that she had reserved ruling on the motion awaiting from the attorneys a copy of the transcript, written argument, and proposed orders. The clerk's file reflects that a transcript was filed on November 3, 1989 along with written argument on behalf of the defendant. The pleadings were never brought to the court's attention; no action had been taken on the motion until substituted counsel for the plaintiff wrote to the court on May 3, 1990.

The court held a telephone conference with the attorneys on the uniform motion calendar. Both parties agreed to the court entertaining the issue based on the transcript, testimony of Paul Sullivan, Joseph J. Vetrick, Eric Santo, and Joseph Kuharcik, the written argument in support of the motion for attorney's fees filed on October 23, 1989 (D.E. 83), the written argument in opposition filed on November 3, 1989 (D.E. 86), and the affidavits contained in D.E. 74 and D.E. 89.

The defendant's objection to the additional fees and costs requested in the amended motion for attorney's fees and costs is sustained; the additional costs incurred by the plaintiff and requested in D.E. 90 are granted.

It has been long established since *Florida Patient's Compensation Fund v Rowe,* 472 So.2d 1145 (Fla. 1985) that the keeping of accurate and current records of work done and time spent on a case is crucial to the issue of court-awarded fees. To assess accurately the attorney labor involved, the attorney seeking recovery of fees must present records detailing the amount of work performed and must claim only hours that he can properly bill to his client. A court may reduce recovery for excessive or unnecessary hours claimed when the applicant provides inadequate documentation. The accuracy of documentation becomes even more important to the court when someone other than the client may be ordered to pay the fee.

Apparently it is undisputed that Mr. Goudey is obligated to pay Mr. Vetrick for over 80 hours of work at $200.00 per hour. The defendant

contends that both the number of hours and the hourly rate are unreasonable and excessive.

A contractual provision that the losing party will pay the prevailing party's attorney's fees is an agreement for indemnification, that is, an agreement to indemnify the prevailing party for fees reasonably contracted or incurred. Under an indemnification agreement, the prevailing party can recover no more than the amount he is actually paid or obligated to pay. This is not tantamount, however, to saying that the party entitled to recover must be awarded the amount of attorney's fees if that amount is excessive or unreasonable. *Dunn v Sentry Insurance*, 462 So.2d 107 (Fla. 5th DCA 1985)..

> (T)he trial court is not bound to arbitrarily and mechanically award the fees which the prevailing party has agreed to pay its counsel, where it is claimed that such fee is excessive. The trial court should first determine if the agreed upon fee is excessive or unreasonable, and if it is not, and the client has paid it or is obligated to pay it, that fee should be awarded. If the fee is deemed excessive or unreasonable, the court should proceed to determine what is a reasonable fee. *Id.,* 109.

Based on the evidence, the court finds that 27 hours at $250 an hour for a fee of $4,050 is reasonable, and that $660 in costs are properly taxable against the defendant.

It is hereby ORDERED AND ADJUDGED that Alfred T. Goudey shall recover from Albert G. King, Jr. the total sum of $4,710 plus interest at 12% per annum for all of which let execution issue.

The court apologizes to counsel and their clients for the miscommunication and delay that occurred in this case. With no computer assistance, it is extremely difficult to track unresolved issues in over 1,300 pending cases.

The court reserves jurisdiction of the parties and the subject matter to enter further orders as may be necessary.

DONE AND ORDERED this 5th day of June, 1990 in chambers at West Palm Beach, Palm Beach County, Florida.