# Third District Court of Appeal
## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1358
Lower Tribunal No. 06-1866 SP
_____

**State Farm Mutual Automobile Insurance Company,**
Appellant,

vs.

**Best Medical Treatments, Inc., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Stephanie Silver, Judge.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire Stamper (Ft. Lauderdale); Beighley, Myrick, Udell & Lynne, P.A., and Maury Udell, for appellant.

Twig, Trade, & Tribunal, PLLC, and Morgan L. Weinstein (Ft. Lauderdale), for appellee.

Before SCALES, LINDSEY, and BOKOR, JJ.

PER CURIAM.

Appellant State Farm Mutual Automobile Insurance Company appeals from a final judgment following a jury trial. The trial court awarded attorney's fees to counsel for Appellee, Best Medical Treatments, Inc. a/a/o Lilian Gonzalez, Luis Gonzalez, and Zoila Soto. On appeal, State Farm argues that the fee award was incorrectly granted directly to counsel, rather than to Best Medical. We reverse and remand the case to the trial court so that fees can be awarded directly to Best Medical as party to the litigation.

## I. BACKGROUND

The underlying case involved a car accident after which the three named individuals received medical care from Best Medical. In 2006, Best Medical sued State Farm for less than $5,000 in past-due PIP benefits. Best Medical is the assigned beneficiary of the named insured.

In March 2016, Best Medical filed a Motion for Attorney's Fees, Interest on Attorney's Fees and Costs. At the same time, its counsel (Peter G. DePrimo, Esq.) filed a Motion for Attorney's Fees, Interest on Attorney's Fees and Costs under his own name. The opening paragraph of both motions indicated that Best Medical was the one seeking the award, via assignment from State Farm's insured. In 2019, both Best Medical and DePrimo re-filed their motions.

On April 12, 2021, the trial court held a hearing at which DePrimo sought a rate of $600 per hour for 66.5 hours of work, while State Farm sought to limit the fee award to $550 per hour for 66.3 hours of work. Discussion of DePrimo's fees concluded early in the hearing; the trial court agreed with State Farm's estimate and declared that it would "award the 550 at 66.3 hours, so for a total award for Mr. DePrimo of $36,465 by stipulation of the defense, understanding the plaintiff stipulated to the number of hours and was just asking for the $600 rate."

No objection was made at the time. On April 13, 2021, before the hearing was fully concluded, the court awarded the requested attorney's fees directly to DePrimo. State Farm timely appealed.

In its initial brief, State Farm alleges that this fee order was made "in the absence of any advance notice to State Farm and without completing the fee hearing," that that it "was submitted to the court . . . but, apparently, was not provided to State Farm's counsel in advance of its entry." In its answer, Best Medical does not dispute this allegation; it asserts that "[t]he trial court stated it would enter judgment payable to Mr. DePrimo for the amounts specified and, after stating that such award was by stipulation and receiving no objection, did so in its fee order." In its reply, State Farm further clarifies that while it agreed to the amounts, "it never stipulated to an order 'payable

directly to the firm' or 'payable to Mr. DePrimo,' as [Best Medical] insists, because the court never uttered those words or any others disclosing that intention" and that "[h]ad it done so, State Farm's counsel would have had notice of the court's intention to enter the DePrimo Fee Order and an opportunity to object."

## II.    ANALYSIS

The parties addressed the applicable standard of review and Section 627.428(1), Florida Statutes (2022).  However, the statutory argument is ultimately dispositive.  Florida law requires attorney's fees to be paid to a party to the litigation, not to non-party counsel.

### a.  The standard of review

State Farm argues that the applicable standard of review is de novo, which applies to entitlement to attorney's fees, the legal conclusions of a trial court, and the right to procedural due process.

Best Medical admits that entitlement to attorney's fees is subject to de novo review.  However, Best Medical argues that the issue on appeal is really a review of an order fixing said fees and so is subject to review for abuse of discretion.  See Babun v. Stok Kon + Braverman, 335 So. 3d 1236, 1240 (Fla. 3d DCA 2021) ("The appellate standard of review for an awarded amount of attorney's fees is abuse of discretion.").

4

State Farm is correct; the applicable standard of review is de novo. Here, the amount of the fees is not contested. Instead, the issue on appeal is entitlement, which is subject to de novo review. See id. at 1240 ("Entitlement to attorney's fees is subject to de novo appellate review.")

b. Section 627.428(1), Florida Statutes

Both parties cite to section 627.428(1), Florida Statutes (2022), which permits an award of attorney's fees only to an insured or a beneficiary:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

State Farm argues the fee order violates section 627.428. It contends a plain reading of the above statute describes only two classes that are entitled to an attorney's fee award: insureds and beneficiaries. State Farm asserts that, as stated in Borg-Warner Acceptance Corp. v. Philco Finance Corp., 356 So. 2d 830, 832 (Fla. 1st DCA 1978), "[a] fee money award is payable by one party to another . . . not by one party to the other's lawyer, either as a debt or a penalty." State Farm asserts that the award must be

5

payable from it to Best Medical, not from it to Best Medical's counsel. It also cites a recent opinion from this Court affirming the substance of the final judgment but ultimately reversing "because '[e]ntering a judgment against a nonparty is fundamental error.'" Corredor v. Nichols, 342 So. 3d 793, 794 (Fla. 3d DCA 2022) (quoting Norville v. BellSouth Advert. & Publ'g Corp., 664 So. 2d 16, 16 (Fla. 3d DCA 1995).

By contrast, Best Medical argues that the fee order does not violate section 627.428. It asserts there is no clear statutory prohibition on a trial court awarding fees directly to a party's counsel and that since Best Medical requested the relief, the fee order can be made payable to its counsel.

State Farm is correct. The trial court's award of attorney's fees was substantively correct, but the statute requires attorney's fees to be paid to a party to the litigation, not to non-party counsel.

## III.  CONCLUSION

Because section 627.428 requires attorney's fees to be paid directly to an insured or beneficiary as party to the litigation, we reverse and remand this case to the trial court so that the fee award can be granted to Best Medical as party to this litigation.

Reversed and remanded.

6