PER CURIAM.
The appellant, Logan & Clark, Inc., appeals asserting error in the denial of its motion to vacate, modify, or correct an arbitration award. We affirm.
The appellee, Kings Point Development Group, a construction contractor, had an agreement with the appellant, Logan & Clark, Inc., whereby this subcontractor would perform structural concrete work on a large condominium project known as the Envoy. Work commenced in September, 1980, but terminated in April, 1981, with the building only partially completed. Numerous lawsuits were instituted, including a suit filed May 15,1981, by Logan & Clark to foreclose a mechanic’s lien, to recover for alleged breach of contract, and to obtain other equitable and legal relief including recovery on quantum meruit and unjust enrichment theories. On July 29, 1981, Logan & Clark also made demand for arbitration. On December 29, 1981, the parties entered into a complex and specific settlement agreement which, in part, confirmed that the dispute would be resolved by arbitration. Logan & Clark released all claims in its suit except those claims referred to arbitration. The December 29, 1981, agreement was quite detailed in setting forth the future arbitration proceedings but never specifically mentioned quantum meruit. The matter then proceeded to arbitration on the basis of a further written stipulation. This stipulation provided for a bifurcated arbitration hearing. Phase I was to concern liability and Phase II was to concern damages. The specific language of the stipulation was as follows:
The parties and the arbitration panel chairman have agreed to bifurcate the arbitration proceeding. Broadly stated, the principal issues are (1) which party breached the Subcontract, and (2) the determination of monies due Logan & Clark and its entitlement of damages, if any, resulting from that breach. Only the first issue is being addressed during . this first phase of arbitration proceeding.
At the conclusion of the hearing on liability, the arbitrators issued the following award:
1. LOGAN & CLARK, INC. materially breached their sub-contract on April 6, 1980 by. unilaterally terminating work on the Envoy project without legal justification.
2. LOGAN & CLARK’S failure to furnish a bond constituted a material breach of the contract. LOGAN & CLARK, INC. has not sustained any damages according to the terms of the contract.
3. At the hearing, KING’S POINT DEVELOPMENT GROUP stated that no counterclaim was being asserted; therefore, neither party shall recover from the other and this arbitration is dismissed.
4. Each party shall bear its own costs.
[[Image here]]
This Award is full settlement of all claims submitted to this arbitration.
Logan & Clark filed a motion in the circuit court pursuant to Section 682.14, Florida Statutes (1981), to modify the panel’s award and appellee moved to confirm it. The award was confirmed and judgment entered thereon.
The appellant presents a single issue in attacking the circuit court’s order on appeal. Appellant maintains that liability for breach of contract was to be presented in Phase I and that the entire issue of quantum meruit was to be presented during Phase II of the arbitration. Appellant contends that the panel incorrectly considered and prematurely decided the quantum me-ruit issue at the end of Phase I.
Appellant suggests Phase II should be ordered in which the panel will consider liability and damages on the quantum me-ruit theory. The appellee contends the issue of quantum meruit (at least as to liability) was presented and properly decided by *1191 the panel during Phase I or alternatively, it was not presented and waived. The arbitration award is silent as to any specific reference to quantum meruit but the findings of the panel are certainly consistent with a denial of relief based on this theory.
The written stipulation governing the hearing procedure is a six-page document which was prepared by competent counsel. The subject of quantum meruit is never mentioned in the document. A review of the transcript of the evidence before the panel leaves substantial doubt as to whether the parties thought they were dealing with the quantum meruit issue from an evidentiary point of view. There was mention of the theory during closing argument by appellant’s counsel which is now disavowed on appeal. We are frankly perplexed as to just how the issue of quantum meruit would be realistically bifurcated as to liability and damages. See generally Variety Children’s Hospital, Inc. v. Vigliotti, 385 So.2d 1052 (Fla.3d DCA 1980) and Tobin & Tobin Insurance Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla.3d DCA 1975). Despite the apparent confusion we conclude that the trial court did not err in confirming the award for the basic reason that the appellant is bound by the written stipulation as to arbitration procedures. This stipulation is simply not susceptible to the interpretation suggested by appellant. There is not one hint that quantum meruit was reserved for consideration during Phase II and if this procedure was contemplated by counsel for appellant it certainly never made it into the agreement. No attempt to reform the stipulation was made before the arbitrators or the circuit court.
Under all of the above, we reject the argument that the trial court erred in denying the motion directed at setting aside the arbitration award.
AFFIRMED.
LETTS, BERANEK and WALDEN, JJ., concur.
NOTE: WALDEN, J., did not participate in oral argument but has reviewed the presentation made at that proceeding.