620 So.2d 808 (1993)
CSE, INC., Appellant,
v.
Robert BARRON, Roger Shea, and Barron & Shea, a Florida Partnership, Appellees.
No. 92-03065.
District Court of Appeal of Florida, Second District.
June 25, 1993.
Michael H. Alden of Fisher & Sauls, P.A., St. Petersburg, for appellant.
John F. Rudy, II, and Jeffrey P. Greenberg of Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, for appellees.
ALTENBERND, Judge.
CSE, Inc., appeals an order compelling arbitration of its dispute with Barron & Shea. We reverse because the undisputed facts demonstrate that the controversy between these parties involves a claim that does not arise under the written agreement containing the relevant arbitration clause.
CSE is a Florida corporation that develops specialized computer software programs. It has developed and owns a program that allows health care providers to keep track of third party reimbursement of patients' statements. The program was designed to be sold as an off-the-shelf, ready-to-use program that a hospital or other *809 health care provider could install and use in its own computer system.
In 1991, Barron & Shea became a licensing agent under a nonexclusive grant from CSE. Under the terms of this contract, Barron & Shea was to "promote and market the Products to prospective end-users," and was entitled to compensation in the amount of forty percent of the licensing fee actually collected by CSE under licensing agreements forwarded to CSE by Barron & Shea. A sample end-user licensing agreement was attached as an exhibit to the contract between these parties. Another exhibit established an expected price schedule for sales of this software to end-users. Section 14 of the contract between CSE and Barron & Shea provided that "any disputes arising under this agreement relating to payment to Agent of Agent's compensation or authorized costs under this Agreement shall be settled by binding arbitration... ."
A representative of Barron & Shea met a representative of CIS Technologies (CIS) at a trade show in Orlando, Florida. CIS is not a health care provider. Instead, it markets various software to health care providers. CIS wanted to integrate the CSE program into the CIS product.
Barron & Shea arranged for the two companies to meet and discuss such a new product. Although the evidence is disputed, we assume for purposes of this opinion that Barron & Shea was instrumental in assisting these two companies to reach agreement. In September 1991, CSE and CIS entered into a specially prepared licensing agreement. Under the agreement, CIS plans to market a revised CSE program that will be sold to end-users under a CIS trade name. CSE's obligations to CIS under this agreement are quite different from its obligations to health care providers under the standard agreement used to market its product as an off-the-shelf program. CIS will make substantial license payments to CSE.
Barron & Shea maintains that it is entitled to compensation for its efforts in arranging the relationship between CSE and CIS. When Barron & Shea demanded arbitration pursuant to the contract, CSE filed this lawsuit for declaratory relief to determine whether the dispute was subject to arbitration. Barron & Shea answered, alleging a right to arbitration. It also filed a counterclaim for breach of contract and quantum meruit. Following discovery, both parties sought summary judgment on the scope of the arbitration clause. The trial court found that the dispute arose under the agreement and referred the matter to arbitration. CSE appealed.
We recognize that arbitration agreements are a favored means of dispute resolution. Roe v. Amica Mut. Ins. Co., 533 So.2d 279 (Fla. 1988). Doubts concerning the scope of arbitration clauses should generally be resolved in favor of arbitration. Old Dominion Ins. Co. v. Dependable Reinsurance Co., 472 So.2d 1365 (Fla. 1st DCA 1985). We also recognize that an arbitration clause can be written with sufficient breadth to authorize arbitration of a quantum meruit claim, even though such a claim arises in the absence of a controlling, formal agreement. See Logan & Clark, Inc. v. Adaptable Dev., Inc., 450 So.2d 1189 (Fla. 4th DCA 1984). Nevertheless, a party who timely objects to arbitration should not be compelled to arbitrate a specific claim unless the party demanding arbitration establishes that the scope of the relevant arbitration clause, under an analysis favoring arbitration, is sufficient to encompass such a dispute. See G. & N. Constr. Co. v. Kirpatovsky, 181 So.2d 664 (Fla. 3d DCA 1966); Pacemaker Corp. v. Euster, 357 So.2d 208 (Fla. 3d DCA 1978); Manalili v. Commercial Mowing & Grading, 442 So.2d 411 (Fla. 2d DCA 1983).
The scope of an arbitration clause depends upon the language used in the clause. See generally Mediterranean Enters. v. Ssangyong Corp., 708 F.2d 1458, 1463-64 (9th Cir.1983) (distinguishing narrow "arising under" clauses from broader "arising out of or relating to" clauses in the context of a demand to arbitrate a quantum meruit claim). In this case, the parties did not agree to a broad arbitration clause governing all disputes "related to" their contract. See Beaver Coaches, Inc. v. *810 Revels Nationwide R.V. Sales, Inc., 543 So.2d 359 (Fla. 1st DCA 1989). Instead, they agreed to arbitrate disputes "arising under" the agreement and "relating to payment ... of compensation ... under this agreement." This is a relatively narrow arbitration agreement.
The undisputed facts in this case make it clear that Barron & Shea is not requesting the modest compensation it would receive for an off-the-shelf program sold to an end-user pursuant to the contract. Instead, it is seeking fair compensation for assisting in this more complex and more lucrative arrangement. Its contract with CSE, however, does not expressly cover this type of claim. Its claim is somewhat similar to the claims on separate oral contracts for which arbitration was not authorized in Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc., 484 So.2d 610 (Fla. 5th DCA), review denied, 492 So.2d 1330 (Fla. 1986), and Ronbeck Constr. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992).
If this dispute were referred to arbitration, there is nothing in the written contract between CSE and Barron & Shea that would give the arbitrators any guidance on how to determine whether Barron & Shea was entitled to an award and, if so, how much. Any claim for compensation by Barron & Shea in this case must be based on a legal theory arising outside the written contract. Accordingly, Barron & Shea is not entitled to arbitrate this claim under the contract.
Reversed and remanded.
LEHAN, A.C.J., and SCHOONOVER, J., concur.