679 So.2d 1229 (1996)
Clifford E. SMILEY and James E. Doane, Co-Trustees, Appellants,
v.
MANUFACTURED HOUSING ASSOCIATES III LIMITED PARTNERSHIP, a Florida Limited Partnership, Barnett Bank of South Florida, N.A., and William Craig Voight, Appellees.
MANUFACTURED HOUSING ASSOCIATES III LIMITED PARTNERSHIP, a Florida Limited Partnership, Appellee/Cross-Appellant,
v.
Clifford E. SMILEY and James E. Doane, Co-Trustees, Appellants/Cross-Appellees.
No. 95-00840.
District Court of Appeal of Florida, Second District.
August 30, 1996.
Rehearing Denied September 25, 1996.
*1230 James A. Bonaquist, Jr. of Monaco, Cardillo & Keith, P.A., Naples, for Appellants/Cross-Appellees.
Robert G. Menzies of Roetzel & Andress, L.P.A., Naples, for Appellee/Cross-Appellant.
FULMER, Judge.
This case involves a purchase money note and first mortgage encumbering a section of real property in Collier County, Florida. The Appellee/Cross-Appellant, Manufactured Housing Associates III Limited Partnership (MHA), executed and delivered the note and mortgage to the Appellants/Cross-Appellees, Clifford W. Smiley and James E. Doane, Co-Trustees (Trustees), in connection with the purchase of the encumbered property. A *1231 dispute arose when the Trustees refused MHA's demand for a partial release of the property from the lien of the mortgage. MHA filed suit against the Trustees claiming damages for breach of the partial release provision of the mortgage and seeking specific performance. The Trustees filed suit against MHA to foreclose the note and mortgage based on MHA's failure to pay the balance due. Both parties appeal the final judgment entered after a nonjury trial on their consolidated claims. We reverse in part and affirm in part.
We set forth only those facts in the underlying litigation that are relevant to our decision. The note was to be repaid by MHA in three scheduled payments together with accrued interest at the rate of 8.5 percent per annum. The note also specified a default rate not to exceed 18 percent per annum. The first payment of principal and accrued interest was timely made. However, shortly before the second payment was due, the dispute arose regarding the partial release demand, as a result of which no further payments were made. The release clause in the mortgage deed provided, in pertinent part, that, in order for any partial release to be obtained, "[t]he balance due under this Mortgage shall never be more than seventy-five (75%) percent of the value of the land remaining subject to this Mortgage and the per acre release price of the land shall be determined as follows." The mortgage then assigned per acre release prices for four described areas of the encumbered property. For example, a portion of the property fronting on State Road # 951 was assigned a release price of $25,000 per acre.
The dispute centered on the proper application of the 75 percent provision of the release clause (referred to by the parties as the 75 percent rule). Specifically, the parties disagreed on the definition of "balance due under the Mortgage," and on how to determine the "value of the land remaining subject to the Mortgage." In its partial release demand, MHA included a calculation which purported to demonstrate how its demand would satisfy the 75 percent rule and leave property with a value adequate to secure the Trustees' interest as required by the mortgage. The Trustees did not honor the demand because they believed the calculation failed to conform to the 75 percent rule in at least two respects: (1) the calculation did not include any accrued interest in the computation of balance due under the mortgage; and (2) MHA used the per acre release prices described in the mortgage to determine the "value of the land remaining subject to the mortgage" instead of determining that value through appraisal. The Trustees proposed that the release be placed in escrow with MHA's lender pending an appraisal to be obtained at the Trustees' own expense. MHA refused the request for the appraisal, failed to make any further payments on the note and filed suit against the Trustees, seeking specific performance and claiming damages for breach of the partial release clause of the mortgage. The Trustees filed suit to foreclose the note and mortgage.
First, we address the trial court's rulings as to MHA's claims against the Trustees. In its final judgment, the trial court properly ruled that "balance due under the Mortgage" shall be construed to include both the principal amount due plus accrued interest, and that the "value of the land remaining subject to the Mortgage" must be determined by appraisal, not by the per acre release prices set forth in the mortgage. Notwithstanding these rulings, the trial court found that the Trustees breached the covenant relating to partial releases because MHA was entitled to a "release of land having release prices totalling $1,250,000, i.e., $1,250,000 prior principal payments MHA made under the Mortgage."[1]
Neither the evidence presented at trial nor the trial court's findings support a conclusion that the Trustees breached the partial release *1232 covenant. The demand for partial release that MHA submitted to the Trustees did not comply with the terms and conditions of the partial release covenant. MHA did not include accrued interest in its calculation of the balance due under the mortgage and MHA improperly valued the land remaining subject to the mortgage by using the per acre release prices in the mortgage instead of an appraisal. Because the demand for partial release did not conform to the terms of the mortgage, the trustees were under no obligation to execute the release as requested by MHA. Therefore, we reverse the trial court's ruling that the Trustees breached the partial release covenant. As a result of the reversal on this point, the trial court's rulings on MHA's claim for specific performance, damages and attorney's fees are also reversed.
We turn now to the rulings pertaining to the foreclosure action. The parties stipulated that MHA had failed to make the payment of principal and interest due December 16, 1990, or any payment thereafter. "Failure to pay goes to the heart of the agreement between the mortgagor and mortgagee, and is not a mere technical breach." Pezzimenti v. Cirou, 466 So.2d 274 (Fla. 2d DCA 1985). The trial court properly determined that the "covenants of the subject note and mortgage relating to the payment of money are independent from those covenants relating to partial releases," and correctly ruled that the Trustees were entitled to foreclosure based on MHA's breach of the covenants of the note relating to the payment of money. Consequently, we affirm the trial court ruling that the Trustees are entitled to a judgment of foreclosure. However, we reverse the trial court's denial of the Trustees' claim for the default rate of interest.
From our review of the record, it appears that the trial court considered the application of the default rate of interest to be a matter of discretion. MHA argues on appeal that we should uphold the trial court's refusal to enforce the default rate provision as an equitable remedy because the Trustees failed to grant the partial release. We recognize that mortgage foreclosure is an equitable remedy. See Pezzimenti, 466 So.2d at 276. However, in determining whether to grant equitable relief, the trial court cannot look solely to the result but must apply rules which confer some degree of predictability on the decision-making process. Only under certain clearly defined circumstances, none of which are present in this case, may a court of equity refuse to foreclose a mortgage. David v. Sun Fed. Sav. & Loan Ass'n, 461 So.2d 93 (Fla.1984). Furthermore, in determining whether to grant the equitable relief of foreclosure, the trial court is not at liberty to modify terms of the note and mortgage that are unambiguous and undisputed. Dickerson Florida, Inc. v. McPeek, 651 So.2d 186 (Fla. 4th DCA 1995). In this case, the note provided for an original interest rate of 8.5 percent per annum and a default rate not to exceed 18 percent per annum that would apply "if default be made in the payment of any of the sums or interest mentioned herein or in said mortgage or in the performance of any of the agreements contained herein or in said mortgage." Given the facts of this case, we hold that, even if the Trustees had breached the independent covenant pertaining to partial releases, the trial court was without authority to modify the terms of the note and mortgage by failing to give effect to the default rate provision.
In accordance with this opinion, those portions of the final judgment pertaining to the Trustee's foreclosure claim in case no. 91-0843-CA-01 are affirmed, with the exception of the trial court's denial of the default rate of interest, which is reversed. Those portions of the final judgment that grant MHA's claim for specific performance, damages and attorney's fees are reversed and the trial court is directed to enter judgment in favor of the Trustees in case no. 90-3997-CA-01.
Affirmed in part and reversed in part with directions.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.
NOTES
[1] In its ruling partially granting MHA's claim for specific performance, the trial court found that MHA was entitled to a partial release of property in an amount that was greater than both the actual demand that MHA submitted to the Trustees as well as the trial court's oral pronouncement at the conclusion of the trial. This ruling was apparently based on post-trial correspondence between counsel and the trial court. Because we reverse the trial court's rulings pertaining to the partial release dispute, we need not address the point on appeal directed to this issue.