987 So.2d 244 (2008)
UNITED VACATION NETWORK, INC., a Florida for-profit corporation, Appellant,
v.
Ali TAHIRI and Mahtab Bolouri, Appellees.
No. 2D08-146.
District Court of Appeal of Florida, Second District.
August 8, 2008.
*245 Thomas C. Little of Thomas C. Little, P.A., Clearwater, for Appellant.
Richard Lee Barrett and R. Steven Ruta of Barrett, Chapman & Ruta, P.A., Orlando, for Appellees.
LaROSE, Judge.
United Vacation Network, Inc. (United), appeals the trial court's nonfinal order denying its motion to compel arbitration of Ali Tahiri's and Mahtab Bolouri's claims of fraud and violations of the Florida Deceptive and Unfair Trade Practices Act, section 501.204, Florida Statutes (2005). We have jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(iv). United has failed to demonstrate reversible error by the trial court. Accordingly, we affirm.
Mr. Tahiri and Ms. Bolouri entered into a vacation travel membership agreement (Agreement) with United. United drafted the Agreement. It contains twelve separate articles. Article 9, upon which United relies to support its entitlement to arbitration, addresses indemnity for third-party claims:
9. INDEMNIFICATION

Purchaser agrees to indemnify and hold [United] harmless from any loss or expense, including the incurrence by [United] of reasonable counsel fee, as the result of a claim by any third person arising out of any act or omission of the Purchaser, whether such claim is made against [United], directly or indirectly. Further, in the event [United] is required to employ counsel to enforce its right under this agreement Purchaser shall be responsible for all cost to [United], including, but not limited to, reasonable attorney's fees. Both parties agree that in the event of a dispute arising out of circumstances included in this agreement, the terms and conditions in this agreement will govern and that both parties will submit to agree to the findings of binding arbitration in the county of Pinellas.
This is the only article dealing with arbitration. The Agreement contains no separate or general arbitration provision.
When they became dissatisfied with United's performance under the Agreement, Mr. Tahiri and Ms. Bolouri sued. United filed its motion to compel arbitration. The trial court denied the motion, finding Article 9 ambiguous and construing it against United. See Haueter-Herranz v. Romero, 975 So.2d 511, 517 (Fla. 2d DCA 2008).
The trial court's task in considering a motion to compel arbitration is limited to deciding (1) whether there is a valid written agreement to arbitrate, (2) whether there is an arbitrable issue, and (3) whether the right to arbitration was waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). We review the trial court's ruling de novo. See Vacation Beach, Inc. v. Charles Boyd Constr., Inc., 906 So.2d 374, 376 (Fla. 5th DCA 2005). We need only address whether the claims asserted by Mr. Tahiri and Ms. Bolouri are subject to arbitration.[1]
Florida law favors arbitration. Seifert, 750 So.2d at 636. Generally, we resolve doubts about the scope of an arbitration provision in favor of arbitration. CSE, Inc. v. Barron, 620 So.2d 808, 809 (Fla. 2d DCA 1993) (citing Roe v. Amica Mut. Ins. Co., 533 So.2d 279 (Fla.1988); Old Dominion Ins. Co. v. Dependable Reinsurance *246 Co., 472 So.2d 1365 (Fla. 1st DCA 1985)). We also know, however, that "no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate." Seifert, 750 So.2d at 636. In determining whether parties agreed to arbitrate, we discern the parties' intent from the language in their agreement. Citigroup, Inc. v. Amodio, 894 So.2d 296, 298-99 (Fla. 4th DCA 2005) (citing Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957)).
Article 9 is a distinct provision of the Agreement and deals exclusively with indemnity for third-party claims. It is worth repeating that under Article 9, Mr. Tahiri and Ms. Bolouri must indemnify United for losses resulting from third-party claims and that the parties agree to arbitrate disputes "arising out of circumstances included in this agreement." Mr. Tahiri and Ms. Bolouri maintain that "this agreement" refers only to the indemnification provision. United argues that it refers to the entire Agreement. We see no trial court error. The arbitration provision is placed unambiguously in an article dealing exclusively with indemnity issues. There are no other arbitration provisions in the Agreement. Because our plain reading of the language reflects no intent by the parties to arbitrate claims other than those described in Article 9, we affirm. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999). The complaint does not assert claims involving indemnification; thus no arbitrable issues exist.
Affirmed.
DAVIS and CANADY, JJ., Concur.
NOTES
[1] The issue can be framed either in terms of whether there is a valid agreement to arbitrate or whether the arbitration provision covers the dispute; the analysis is essentially the same. See Seifert, 750 So.2d at 636 n. 2.