FULMER, Judge.
 

 Raymond A. Tubbs and Michael L. Tubbs (“the Shareholders”) appeal an order granting Lisa Hudec and Richard Hu-dec’s motion to dismiss the Shareholders’ complaints for breaches of unconditional guarantees of payments on promissory notes. The trial court concluded that the agreement which gave rise to the guarantees required the parties to submit their claims to arbitration. The order on appeal is not a final order because it merely grants the Hudecs’ motion to dismiss,
 
 see Hayward & Assocs. v. Hoffman,
 
 793 So.2d 89, 91 (Fla. 2d DCA 2001), but it is appeal-able because it determines a party’s right to arbitration,
 
 see
 
 Fla. RApp. P. 9.130(a)(3)(C)(iv). We disagree that the dispute is governed by the arbitration clause in the agreement, and we reverse and remand for further proceedings.
 

 In March 2006, RC Highlands Holdings of Florida, Inc. (“the Purchaser”), a business owned by the Hudecs, purchased stock in two businesses owned by the Shareholders for a total of $16,000,000. The Purchaser paid the Shareholders $14,000,000 in cash and gave promissory notes for the remaining $2,000,000. The Purchaser and the Shareholders entered into a stock purchase agreement, which required the Purchaser to deliver to each of the Shareholders a promissory note in the amount of $1,000,000. Pursuant to the agreement, the Purchaser executed two promissory notes, each for $1,000,000, to the Shareholders. The promissory notes did not contain any personal guarantees by the Hudecs.
 

 A year later, at the request of the Purchaser and the Hudecs, the Shareholders consented to restructuring the transaction as an asset purchase rather than as a stock purchase and to lowering the interest rate on the promissory notes. In exchange, the original promissory notes were cancelled and the Purchaser executed two replacement promissory notes to the Shareholders, each in the amount of $1,000,000. The first replacement note stated that the Purchaser promised to pay $1,000,000 to Raymond Tubbs, and the second replacement note stated that the Purchaser promised to pay $1,000,000 to Michael L. Tubbs. Each note contained an unconditional guarantee
 
 *1196
 
 of payment, personally signed by both Lisa and Richard Hudec.
 

 In March 2008, Richard Hudec informed Michael Tubbs that the Purchaser and the Hudecs were not going to pay the money due on the promissory notes. In April 2008, the Shareholders each filed an action against the Purchaser, Lisa Hudec, and Richard Hudec for anticipatory breach of the promissory notes and the unconditional guarantees. The Purchaser and the Hu-decs moved to dismiss the complaints on the basis that the claims are subject to the mandatory arbitration provision in the stock purchase agreement between the Purchaser and the Shareholders. The Shareholders each filed motions for summary judgment.
 

 In May 2007, the Shareholders each filed amended complaints against the Hu-decs, alleging claims for breach of the unconditional guarantees of payment. The amended complaints did not list the Purchaser as a defendant. The trial court consolidated the two amended complaints. The Hudecs again filed a motion to dismiss the Shareholders’ complaints on the basis that the claims are subject to the mandatory arbitration provision in the stock purchase agreement. After a hearing, the trial court granted the Hudecs’ motion to dismiss by written order, concluding that “the original agreement entered into by the parties expresses a clear intent to settle disputes by arbitration.” The trial court dismissed the Shareholders’ motions for summary judgment as moot.
 

 On appeal, the Shareholders raise three issues. We conclude, without further comment, that two of the issues are without merit. However, the remaining issue requires reversal.
 

 The Shareholders claim that there is no provision within the stock purchase agreement that requires arbitration of the Shareholders’ claims on the unconditional guarantees of payment. They argue that the arbitration provision in the agreement applies only to indemnification claims and that a suit to enforce an unconditional guarantee is not a claim for indemnity.
 

 “[Arbitration agreements are a favored means of dispute resolution. Doubts concerning the scope of arbitration clauses should generally be resolved in favor of arbitration.”
 
 CSE, Inc. v. Barron,
 
 620 So.2d 808, 809 (Fla. 2d DCA 1993) (citation omitted). “The trend is to liberally construe an arbitrator’s authority if the arbitration clause is sufficiently broad.”
 
 Stinson-Head, Inc. v. City of Sanibel,
 
 661 So.2d 119, 120 (Fla. 2d DCA 1995). However, no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate.
 
 United Vacation Network, Inc. v. Tahiri,
 
 987 So.2d 244, 246 (Fla. 2d DCA 2008). The parties' intent regarding arbitration is discerned from the language of the agreement containing the arbitration clause.
 
 Id.
 
 We review a trial court’s construction of an arbitration provision de novo.
 
 Woebse v. Health Care & Ret. Corp. of Am.,
 
 977 So.2d 630, 632 (Fla. 2d DCA 2008).
 

 Section 6.4 of article VI of the stock purchase agreement is titled “Procedure for Indemnification Claims.” Section 6.4(a) provides in relevant part:
 

 If
 
 the Purchaser believes that a matter has occurred that entitled it to indemnification under Section 6.2 hereof (other than matters covered by subsection (b) below) or
 
 the Shareholders believe that a matter has occurred that entitles them to indemnification under Section 6.3 hereof (other than matters covered by subsection (b) below), the Purchaser or the Shareholders, as the case may be (the “Indemnified Party”), shall give prompt written notice to the party or parties against whom indemnification is sought
 
 (each of whom is referred to herein as an “Indemnifying Party”) de
 
 *1197
 
 scribing such matter in reasonable detail. ...
 

 (Emphasis added.) Paragraph 6.4(a) goes on to describe a notice and negotiation process, after which, if the negotiations have been unsuccessful, “any such dispute shall be submitted to binding arbitration in Tampa, Florida to a member of the American Arbitration Association mutually appointed by the Indemnified and Indemnifying Parties ... who shall promptly arbitrate such dispute.”
 

 Sections 6.2 and 6.3 describe the indemnification obligations of both the Shareholders and the Purchaser. Section 6.3 is titled “Indemnification Obligation of Purchaser” and provides that the Purchaser shall “reimburse, indemnify and hold harmless the Shareholders and their respective successors and assigns (an ‘Indemnified Shareholder Party’) against and in respect of’ several types of losses and actions listed. The Hudecs argue that the Shareholders’ claims against the Hudecs fall under section 6.3(a)(ii) of the agreement, which provides that the Purchaser shall indemnify for any and all losses incurred or suffered by the Shareholders resulting from, relating to, or arising out of “any misrepresentation, breach of warranty or non-fulfillment of any agreement or covenant, on the part of the Purchaser under this Agreement.” The Hudecs argue that section 6.3(a)(ii) redefines the traditional meaning of indemnification.
 

 It appears from the general language of the order on appeal that the trial court read the arbitration provision in section 6.4 to require arbitration of all disputes, rather than indemnification claims specifically. However, the agreement clearly states that the arbitration provision — which is found in an article that deals almost exclusively with indemnification — applies only to claims for indemnification. In fact, sections 6.4(b) and 6.6 further indicate that the arbitration provision applies only to indemnification claims. Section 6.4(b) provides the procedure to be followed when a claim is made by a third party against the indemnifying party, and section 6.6 states that the indemnification rights of the parties under article VI are independent of and in addition to any rights and remedies the parties may have at law or in equity.
 

 As the Shareholders argue on appeal, their claims against the Hudecs on the unconditional guarantees of payment are not arbitrable disputes for indemnification but are simply first-party claims against the Hudecs for payment. The arbitration clause applies to any claims for indemnification caused by the Purchaser’s failure to fulfill an obligation of an agreement related to the stock purchase agreement, but in this case the Shareholders are not seeking indemnification or reimbursement from the Purchaser, which is EC Highlands. Instead, they are seeking payment from the Hudecs on unconditional guarantees personally executed by the Hudecs. The arbitration clause in the stock purchase agreement does not cover this type of claim.
 
 See Tahiri,
 
 987 So.2d at 246 (holding that trial court properly denied motion to compel arbitration of claims for fraud and unfair and deceptive trade practices because arbitration clause in agreement only applied to indemnification claims and there were no other arbitration clauses in agreement). Therefore, the trial court erred in granting the Hudecs’ motion to dismiss the Shareholders’ amended complaints.
 

 Accordingly, we reverse the order on appeal and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 DAVIS and WALLACE, JJ., Concur.