VILLANTI, Judge.
Swan Landing Development, LLC, and Reza Yazdani appeal the trial court’s order that denied their motion to stay the action brought against them by Florida Capital Bank (the Bank) in favor of arbitration.[1] We affirm in part, reverse in part, and remand for further proceedings.
*1070 The Bank’s complaint in this action contains three counts: a foreclosure action on a mortgage given to the Bank by Swan Landing; a breach of contract action on a promissory note given to the Bank by Swan Landing; and a breach of contract action on a commercial guaranty given to the Bank by Yazdani. Swan Landing and Yazdani sought to stay the entire action in favor of arbitration. The trial court denied this motion and permitted the litigation to go forward as to all counts. Swan Landing and Yazdani seek review of this ruling.
In this appeal, the parties agree that the trial court was required to consider three elements when ruling on Swan Landing and Yazdani’s motion to compel arbitration: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 261 (Fla. 2d DCA 2004). The parties also agree that the mortgage, note, and guaranty are valid contracts. However, the parties do not agree as to whether the claims asserted by the Bank are subject to arbitration pursuant to those contracts.[2] Swan Landing and Yazdani contend that the mortgage, note, and guaranty each contain mandatory arbitration provisions that apply to all of the claims. In contrast, the Bank contends that those same contracts specifically exempt foreclosure actions from arbitration. Therefore, to determine whether the trial court’s ruling was proper, we must examine the specific language of each contract.
The mortgage contains the following provisions relevant to the Bank’s right to foreclose on the mortgage:
18. Remedies After Default.
(a) If an Event of Default shall have occurred, the Mortgagee may exercise any or all of the following rights, remedies and recourses:
[[Image here]]
(iv) The Mortgagee may institute a proceeding, judicial or otherwise, for the complete foreclosure of this Mortgage to the fullest extent permitted by law; or institute a proceeding or proceedings, judicial or otherwise, for the partial foreclosure of this Mortgage, as permitted by applicable law for the portion of the Obligations then due and payable, with this Mortgage then continuing unimpaired and without loss of priority so as to secure the balance of the Obligations.
[[Image here]]
(d) The Mortgagee shall have all rights, remedies and recourses granted in the applicable loan documents and available at law or equity (including specifically those granted by the Uniform Commercial Code in effect and applicable to the Mortgaged Property) including, without limitation, the right to judicially foreclose or bring an action in any court of competent jurisdiction to foreclose this instrument as a realty mortgage if permitted by applicable law, and, except as limited by applicable law, the same (i) shall be cumulative and concurrent; (ii) may be pursued separately, successively or concurrently against the Mortgagor or against all or any portion of the Mortgaged Property, in the sole discretion of the Mortgagee; *1071 (iii) may be exercised as often as occasion therefor shall arise, it being agreed by the Mortgagor that the exercise or failure to exercise any of same shall in no event be construed as a waiver or release thereof or of any other right, remedy or recourse; and (iv) are intended to be, and shall be nonexclusive.
[[Image here]]
20. Non-Exclusive Remedies. No right, power or remedy conferred upon or reserved to the Mortgagee by the Note, this Mortgage or any other instrument securing the Note is exclusive of any other right, power or remedy, but each and every such right, power and remedy shall be cumulative and concurrent and shall be in addition to any other right, power or remedy given hereunder or under the Note, or any other instrument securing the Note, or now or hereafter existing at law, in equity or by statute.
(Emphasis added.)
Under this plain language, the Bank has the right to bring a judicial action to foreclose the mortgage. The mortgage does not mention the term “arbitration” anywhere in it, and no provision of the mortgage requires the Bank to arbitrate a foreclosure action. Thus, because there simply is no arbitration agreement of any sort contained in the mortgage, the Bank cannot be compelled to arbitrate its action to foreclose the mortgage.
In support of its position to the contrary, Swan Landing contends that the Bank is required to arbitrate the foreclosure of the mortgage because the note contains a mandatory arbitration agreement and the terms of the note are incorporated into the mortgage. However, this argument ignores the plain language in the mortgage that “[n]o right, power or remedy conferred upon or reserved to the Mortgagee by the Note [or] this Mortgage ... is exclusive of any other right, power or remedy, but each and every such right, power and remedy shall be cumulative and concurrent and shall be in addition to any other right, power or remedy given hereunder or under the Note....” This “non-exclusivity” language permits the Bank to arbitrate its foreclosure action, but it does not require the Bank to do so.
Moreover, this argument ignores the plain language of the arbitration agreement in the note, which provides:
ARBITRATION. Lender and Borrower agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the financial services rules of Endispute, Inc., d/b/a J.A.M.S./ENDISPUTE or its successor in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant [to] Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, pro *1072 vided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.
(Emphasis added.)[3]
Foreclosure of a mortgage is an equitable remedy, see, e.g., Singleton v. Greymar Assocs., 882 So.2d 1004, 1008 (Fla.2004); Smiley v. Manufactured Hous. Assocs. III Ltd. P’ship, 679 So.2d 1229, 1232 (Fla. 2d DCA 1996), and the arbitration provision in the note specifically provides that “[njothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction.” Moreover, because the note specifically provides that “[n]o act to take or dispose of any collateral securing this Note shall ... be prohibited by this arbitration agreement,” a judicial foreclosure of the mortgage is not prohibited by the terms of the note. Thus, the arbitration agreements in the note and guaranty do not prohibit the Bank’s equitable foreclosure action on the mortgage. Instead, like the provisions in the mortgage, the arbitration agreements in the note and guaranty permit the Bank to arbitrate a foreclosure action, but they do not require it. Accordingly, the trial court properly denied Swan Landing’s motion to compel arbitration of the foreclosure count of the complaint.
As to the other two counts of the Bank’s complaint, however, the result is different. The counts asserting claims under the note and guaranty are breach of contract counts, which allege that Swan Landing and Yazdani have failed to perform their respective obligations under those contracts by failing to make the required payments. Both counts seek awards of money damages due to the alleged nonpayment, including amounts for unpaid principal, interest, and late fees. Thus, both counts are seeking legal (as opposed to equitable) relief. See, e.g., Pernell v. Southall Realty, 416 U.S. 363, 370, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974) (holding that “ ‘where an action is simply for the recovery ... of a money judgment, the action is one at law1 ” (quoting Whitehead v. Shattuck, 138 U.S. 146, 151, 11 S.Ct. 276, 34 L.Ed. 873 (1891))); Cerrito v. Kovitch, 457 So.2d 1021, 1022 (Fla.1984).
Both the note and the guaranty require the Bank to arbitrate legal (as opposed to equitable) claims arising from those contracts. Only equitable actions are excepted from the otherwise mandatory arbitration agreements. Because the counts for breach of the note and breach of the guaranty are legal actions for money damages, they must be arbitrated, absent waiver, under the plain language of the contracts themselves. Therefore, the trial court erred by permitting these counts to be litigated.
We recognize that this resolution presents a somewhat unusual situation in which some counts of the Bank’s complaint are subject to arbitration and others are not. *1073 Nevertheless, this is the result compelled by the language of the contracts themselves. Cf. Kel Homes, LLC v. Burris, 933 So.2d 699, 704 (Fla. 2d DCA 2006) (rejecting an argument that arbitration of some counts of a complaint but not others was an “absurd result” because “parties may enter into any contract they desire, and they are bound by the language of that contract”). Further, this result is not without precedent. See id.; see also Woodlake Redevelopment Corp. v. Woodlake Condo. Ass’n of Marco Shores, Inc., 671 So.2d 253, 255 (Fla. 2d DCA 1996) (determining that two counts of a five-count complaint were subject to mandatory arbitration and “remand[ing] with directions that the court order arbitration only with respect to Counts IV and V” and that the “remaining counts of the complaint may go forward”). As these cases recognize, when competent parties agree in a valid contract to pursue various available remedies through differing means, an appellate court will not “second guess” the reasonableness of that decision.
Accordingly, we affirm the trial court’s order to the extent that it denied Swan Landing and Yazdani’s motion to arbitrate the mortgage foreclosure count. However, we reverse the order to the extent that it denied their motion to arbitrate the breach of contract counts under the note and guaranty. On remand, the trial court shall enter an order staying litigation in favor of arbitration as to counts II and III of the Bank’s complaint. Count I of the Bank’s complaint may go forward in the trial court.
Affirmed in part, reversed in part, and remanded with directions.
CASANUEVA, C.J., Concurs.
ALTENBERND, J., Concurs with opinion.

. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).

. This court has noted that this issue can be framed either in terms of whether there is a valid agreement to arbitrate the disputed matter or whether the arbitration provision covers the dispute and that the analysis is essentially the same. See United Vacation Network, Inc. v. Tahiri, 987 So.2d 244, 245 n. 1 (Fla. 2d DCA 2008).

. The arbitration agreement of the guaranty is identical to that of the note, with the exception that it substitutes the word “guaranty” for the word "note” throughout.