CASANUEVA, Judge.
MDC 6, LLC, a Florida limited liability company; Medallion Convenience Stores, Inc.; and Kenneth L. Wood (collectively MDC 6) appeal that part of the trial court’s order of June 29, 2011, that denied arbitration of a mortgage foreclosure dispute. MDC 6 argues that the trial court erred in denying its motion with regard to the foreclosure claims because section 10.15 of the subject mortgages requires arbitration of any claim or controversy between the parties when requested by either party. We agree with MDC 6 and reverse.
Facts
NRG Investment Partners, LLC (the Mortgagee), filed suit against MDC 6 to foreclose and collect under a number of mortgages and related loan documents it held in which MDC 6 was the debtor. In response, MDC 6 filed a motion to compel arbitration based upon section 10.15. The trial court ruled:
2. Plaintiff, [the Mortgagee’s,] claims for foreclosure relating to the Plant City Loan Agreement, the Riverview Loan Agreement and the Polk City Loan Agreement, as defined in Plaintiffs Verified Amended Complaint, shall proceed [in the trial court].
3. Any claims of Plaintiff on promissory notes and guarantees relating to the Plant City Loan Agreement, the Riverview Loan Agreement and the Polk City Loan Agreement, as defined in Plaintiffs Verified Amended Complaint, are stayed and shall be arbitrated.
MDC 6 appeals the portion of this order that denies arbitration of the claims for foreclosure. We review this interlocutory order de novo. See Tubbs v. Hudec, 8 So.3d 1194, 1196 (Fla. 2d DCA 2009); Auchter Co. v. Zagloul, 949 So.2d 1189, 1191 (Fla. 1st DCA 2007).
The Issue
To establish entitlement to arbitration, a party must satisfy three separate prongs: (1) that a valid written agreement to arbitrate exists, (2) that an arbitrable issue exists, and (3) that the right to arbitrate has not been waived. Swan Landing Dev., LLC v. Fla. Capital Bank, N.A., 19 So.3d 1068, 1070 (Fla. 2d DCA 2009); Kolsky v. Jackson Square, LLC, 28 So.3d 965, 968 (Fla. 3d DCA 2010). The existence of prongs one and three is undisputed in this case, so the only question is whether the Mortgagee’s foreclosure claims are “arbi-trable issues” and thus satisfy the second prong.
“[T]he determination of whether an arbitration clause requires arbitration of a particular dispute necessarily ‘rests on the intent of the parties.’ ” Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999) (quoting Seaboard Coast Line R.R. Co. v. Trailer Train Co., 690 F.2d 1343, 1348 (11th Cir.1982)). For that, we look to the plain language of the arbitration agreement in the subject documents. See Crawford v. Barker, 64 So.3d 1246, 1255 (Fla. 2011) (“Where the terms of a contract are clear and unambiguous, the parties’ intent must be gleaned from the four corners of the document.”).
We begin with section 10.15, titled “Mandatory Arbitration.” In bold lettering it states:
Any controversy or claim between or among the parties hereto including but not limited to those arising out of or relating to this mortgage or any related agreements or instruments, including any claim based on or arising from an *1147 alleged tort, shall be determined by-binding arbitration....
Section 10.15 further provides in subsection (b), titled “Reservation of Rights”:
Nothing in this mortgage shall be deemed to ... (iii) limit the right of the mortgagee hereto (A) to exercise self help remedies, or (B) to foreclose against any real or personal property collateral, or (C) to obtain from a court provisional or ancillary remedies such as (but not limited to) injunctive relief or the appointment of a receiver. The mortgagee may exercise such self help rights, foreclose upon such property, or obtain such provisional or ancillary remedies before, during or after the pen-dency of any arbitration proceeding brought pursuant to this mortgage....
Lastly, section 10.15(b) concludes with the following acknowledgment:
Neither this exercise of self help remedies nor the institution or maintenance of an action for foreclosure or provisional or ancillary remedies shall constitute a waiver of the right of any party, including the claimant in any such action, to arbitrate the merits of the controversy or claim occasioning resort to such remedies.
Analysis
By its express language, section 10.15 applies to “[a]ny controversy or claim ... arising out of or relating to this mortgage.” “[T]he phrase ‘arising out of or relating to’ the contract has been interpreted broadly to encompass virtually all disputes between the contracting parties, including related tort claims.” Seifert, 750 So.2d at 637. This phrase’s expansive reach reveals that the controversy regarding foreclosure falls within the contractual obligation to arbitrate.
However, the language of section 10.15(b) purports to exempt from the grasp of arbitration the mortgagee’s right to foreclose against real property collateral secured by the mortgage. The mortgagee is given broad discretion to foreclose upon such property at any time — “before, during or after the pendency of any arbitration proceeding brought pursuant to this mortgage.”
Unfortunately, section 10.15(b) goes on to create a waiver of the rights which it had just reserved with regard to foreclosure actions. The section concludes by providing that “the institution or maintenance of an action for foreclosure” will not “constitute a waiver of the right of any party ... to arbitrate.”
To summarize, this contract requires arbitration of the Mortgagee’s foreclosure claims, then excludes them from arbitration, then reintroduces them to the mandate of the arbitration clause. After traveling this circuitous route, we conclude that the plain meaning of the agreement is to require arbitration for foreclosure claims, despite the fact that there is obviously a clause in section 10.15(b) that might be read otherwise. Cf. Apartment Inv. & Mgmt. Co. v. Flamingo/S. Beach 1 Condo. Ass’n, Inc., 84 So.3d 1090 (Fla. 3d DCA 2012) (affirming denial of motion to arbitrate where a provision of the contract excluded equitable claims from the duty to arbitrate).
Consequently, we reverse the trial court’s order in part and hold that all claims pursuant to the mortgages between MDC 6 and the Mortgagee shall be arbitrated. The Mortgagee may continue its foreclosure action against any junior lien-ors or claimants.
Reversed and remanded.
NORTHCUTT and KHOUZAM, JJ., Concur.