NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BURTON J. SHERWOOD a/k/a          )
BURT SHERWOOD and                 )
JASON SHERWOOD,                    )
                                  )
            Appellants,           )
                                  )
v.                                )    Case No.  2D14-3395
                                  )
LEONARD SLAZINSKI;                )
EVERCLEAR NETWORK, LLC;           )
STAN LIPP; JOSEPH LASSITER;       )
WILL SCOTT; and JUSTIN MATZ,      )
                                  )
            Appellees.            )
_____)

Opinion filed February 20, 2015.

Appeal pursuant to Fla. R. App. 9.130
from the Circuit Court for Sarasota County;
Kimberly Bonner, Judge.

Stacy D. Blank and Justin L. Dees of
Holland & Knight LLP, Tampa, and
Adolfo E. Jimenez of Holland & Knight
LLP, Miami, for Appellants.

Mary Fabre LeVine and Fred E. Moore of
Blalock Walters, P.A., Bradenton, for
Appellee Leonard Slazinski.

Hunter W. Carroll of Matthews Eastmore,
Sarasota, for Appellee Everclear Network,
LLC.

No appearance for remaining Appellees.

LaROSE, Judge.

Burton J. Sherwood and Jason Sherwood appeal a nonfinal order denying their motion to compel arbitration. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv). The trial court correctly concluded that the matters about which the Sherwoods sought arbitration were beyond the scope of the parties' arbitration agreements. Accordingly, we affirm.

Burton J. Sherwood and Dr. Leonard Slazinski formed Everclear Network, LLC, to purchase and develop a Miami-area television station. They later executed an operating agreement and supplemental agreement to govern the business.

As the financial backer of the business, Dr. Slazinski grew concerned about the Sherwoods' stewardship of Everclear. As a result, he sued them for declaratory and injunctive relief. The Sherwoods moved to compel arbitration and to stay the litigation pending arbitration. Dr. Slazinski responded with a motion to stay any arbitration. The trial court denied the Sherwoods' motion and granted Dr. Slazinski's stay motion, concluding that Dr. Slazinski's lawsuit presented no arbitrable issue.

On appeal, the Sherwoods argue that (1) the operating agreement and the supplemental agreement contained enforceable arbitration clauses, (2) the question of whether the Sherwoods satisfied the conditions precedent to arbitration should have been submitted to an arbitrator, and (3) they satisfied all conditions precedent to arbitration.

We review the trial court's interlocutory order denying arbitration de novo. See MDC 6, LLC v. NRG Inv. Partners, LLC, 93 So. 3d 1145, 1146 (Fla. 2d DCA 2012).

- 2 -

To compel arbitration, the Sherwoods had to demonstrate: (1) that a valid written agreement to arbitrate existed, (2) that an arbitrable issue existed, and (3) that the right to arbitrate had not been waived. Id. Federal and Florida arbitration statutes demand this analysis. Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999). Only the second prong—the existence of an arbitrable issue—is key to our analysis and decision.[1]

Whether an arbitration agreement requires arbitration of a particular dispute requires the court to discern the parties' intent. Id.; MDC 6, 93 So. 3d at 1146. To find that intent, we look to the plain language of the arbitration agreement. Without question, no party may be forced to submit a dispute to arbitration that the party did not intend and agree to arbitrate. Seifert, 750 So. 2d at 636; Tubbs v. Hudec, 8 So. 3d 1194, 1196 (Fla. 2d DCA 2009).

The operating agreement addresses company formation, capital contributions, profits/losses, distributions, management, compensation, bookkeeping, and transfers. Section 4.4(e) of the operating agreement provides only for arbitration of disputes relating to duties of Everclear's members.

The parties incorporated the supplemental agreement into the operating agreement. In the event of any conflict between the two, the terms of the supplement would prevail. Under paragraph ten of the supplemental agreement,

> [i]n the event of any impasse in decision-making, not otherwise capable of being decided according to the terms of the Operating Agreement, the matter shall first be referred to voluntary nonbinding mediation. In the event there is no

---

[1]The parties present several additional issues that we do not address because we conclude that the trial court ruled correctly on the central issue.

- 3 -

satisfactory resolution after such mediation, it shall be referred to arbitration . . . .

Because the parties executed both agreements on July 31, 2013, the Revised Florida Arbitration Code, effective July 1, 2013, applies. §§ 682.01, .013(1), Fla. Stat. (2013). A court decides the gateway issues of whether an agreement to arbitrate exists or a controversy is subject to arbitration. § 682.02(2). An arbitrator decides the satisfaction of conditions precedent to arbitrability and whether an arbitration agreement is enforceable. § 682.02(3). If a party to a judicial proceeding challenges the existence of, or claims that, a controversy is not subject to arbitration, a pending arbitration may proceed pending final resolution of the issue by the court, unless the court orders otherwise. § 682.02(4). Section 682.03 addresses proceedings to compel and to stay arbitration.

As previously noted, Dr. Slazinski's complaint sought declaratory and injunctive relief. As did the trial court, we conclude that the dispute framed by Dr. Slazinski did not fall within the scope of the arbitration clauses in the operating or supplemental agreements. The arbitration clauses relate to member duties and decision-making impasses. The arbitration clauses are narrowly drawn; they do not extend to any and all claims that may arise or relate to the agreements governing the business. The trial court correctly assessed the scope of the arbitration clauses. We affirm the trial court order.

Affirmed.


SILBERMAN and MORRIS, JJ., Concur.

- 4 -