WALLIS, J.
Vanacore Construction (Builder) appeals the non-final order denying its motion to compel arbitration and stay proceedings. Builder contends the lower court erred when it found the claims brought by Carolyn Osborn, Michael Royals, Debra Royals, and Stephanie Winnek (Homeowners) were not arbitrable under the New Home Construction Contracts (the contracts) that they executed with Builder and when it found that an unenforceable provision within the arbitration agreement was not severable. We agree and reverse.
Builder was the developer of a subdivision located in Volusia County. Homeowners entered into respective contracts with Builder for the purchase of two homes within the subdivision. The contracts are materially identical, containing an arbitration provision, stating:
In the event of a dispute, which the parties cannot resolve, the parties agree to binding arbitration before a general BUILDER licensed to do business in the County of Volusia. The parties hereby stipulate and agree that the decision of the arbitrator shall be binding upon them and be submitted to a court of competent jurisdiction for enforcement.... However BUILDER may, in lieu of arbitration, purchase the property back from the BUYER for the original contract price, plus the BUYER'S closing costs, plus any upgrades/change orders for which the BUYER has already paid BUILDER. This will be the total price paid. No other costs (real or implied), fees, or allowances will be paid by BUILDER.
In 2017, Homeowners sued Builder to recover for alleged water intrusion in their homes and other various construction defects. The complaint asserted claims for negligence, statutory violations of the Florida Building Code, and violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA).
Builder moved to compel arbitration based on the language of the contracts' arbitration provisions. The lower court denied the motion, finding that there is not a valid arbitration agreement and that there are not arbitrable issues.
Builder subsequently moved to sever the portion of the arbitration agreement that allows Builder to purchase the property from Homeowners in lieu of arbitration and for reconsideration. The parties refer to this portion of the arbitration agreement as the "buy-back provision." The lower court denied the motion, finding that severing the buy-back provision would be akin to rewriting the contract and eliminating the parties' ability to bargain.
*530 Builder appeals the lower court's denials, arguing that the lower court should have ordered arbitration because the allegations in the complaint are based on defects arising from and relating to its performance obligations under the contract. Builder additionally argues that the buy-back provision does not go to the essence of the agreement, and, therefore, it should have been severed from the agreement and arbitration should have been ordered.
Pursuant to Florida's Arbitration Code, a court must consider the following three elements when deciding if it should compel arbitration: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla. 1999). The issue in this case relates to the first two elements discussed in Seifert.
Because arbitration provisions are contractual in nature, they are subject to the rules of contract interpretation. Jackson v. Shakespeare Found., Inc., 108 So.3d 587, 593 (Fla. 2013). The determination whether a dispute must be arbitrated "turns on the parties' intent," which is manifested in the plain language of the contract itself. Maguire v. King, 917 So.2d 263, 266 (Fla. 5th DCA 2005). In general, courts favor arbitration provisions and "will try to resolve an ambiguity in an arbitration provision in favor of arbitration." Jackson, 108 So.3d at 593. Thus, if the language of the arbitration provision is sufficiently broad, courts will apply a liberal construction and require arbitration. Tubbs v. Hudec, 8 So.3d 1194, 1196 (Fla. 2d DCA 2009).
Two types of arbitration provisions have emerged-those that are narrow in scope and those that are broad in scope. Jackson, 108 So.3d at 593. Narrow arbitration provisions generally require arbitration for claims or controversies "arising out of" the subject contract, whereas arbitration provisions that are broad in scope usually require arbitration for claims or controversies "arising out of or relating to" the subject contract. Id. When a contract contains a narrow arbitration provision, arbitration is only required when a litigant's claims have a direct relationship with the terms and provisions contained in the contract. Id. In contrast, when a contract contains a broad arbitration provision, the court will compel arbitration when the party's claims have a "significant relationship" to the contract. Id. The test to determine whether a "significant relationship" exists has been described as follows:
A "significant relationship" between a claim and an arbitration provision does not necessarily exist merely because the parties in the dispute have a contractual relationship. Rather, a significant relationship is described to exist between an arbitration provision and a claim if there is a "contractual nexus" between the claim and the contract. A contractual nexus exists between a claim and a contract if the claim presents circumstances in which the resolution of the disputed issue requires either reference to, or construction of, a portion of the contract. More specifically, a claim has a nexus to a contract and arises from the terms of the contract if it emanates from an inimitable duty created by the parties' unique contractual relationship. In contrast, a claim does not have a nexus to a contract if it pertains to the breach of a duty otherwise imposed by law or in recognition of public policy, such as a duty under the general common law owed not only to the contracting parties but also to third parties and the public.
Id. (internal citations omitted).
Here, the parties entered into contracts with broadly worded arbitration *531 provisions, suggesting that the parties intended to arbitrate any dispute that arises between them. Thus, if the claims raised by Homeowners have a significant relationship to the contract, arbitration would be required, even if the claims sound in tort. See Jackson, 108 So.3d at 593.
In their complaint, Homeowners alleged that water intrusion in several areas of their homes caused stucco, sheetrock, and block to be deformed. They also claimed that they informed Builder of these problems, and Builder was unable to remedy the problems or offer acceptable repair protocol. Homeowners therefore alleged that Builder was negligent, committed statutory violations of the Florida Building Code, and violated FDUTPA.
Contrary to the lower court's findings, arbitrable issues exist here. All of the allegations raised in the complaint relate to the construction of Homeowners' residences. While Homeowners present their claims as torts, at their core, the allegations are that Builder did not adequately construct portions of their homes, which led to their damages. When applying the significant relationship test discussed in Jackson, the underlying claims and the facts on which they are based bear a significant relationship to the content of the building contracts the parties executed. Moreover, the claims contained in the complaint could easily have been brought as a breach of contract case. Unlike cases where courts have found claims are not arbitrable because the causes of action were wholly unrelated to the contracts at issue, here, the allegations contained in the complaint are directly related to the subject of the contract-the construction of Homeowners' homes. Finally, even though Builder may owe the public general statutory duties and a duty to act in a non-negligent manner, here, the relationship between Homeowners and Builder is directly related to the presence of the contract. Therefore, because the claims raised in Homeowners' complaint bear a significant relationship to the construction contracts, it was error for the lower court to find that they were not subject to the arbitration provision contained in the contracts. See Maguire, 917 So.2d at 267-68 (holding trial court erred in refusing to compel arbitration for tort claims related to fraud and negligent misrepresentation where those claims arose from and were related to obligations that parties assumed under the contract.)
Builder additionally argues that the lower court erred by denying its request to sever the buy-back provision. If a court finds that a provision contained in a contract is illegal or unenforceable, it can sever that provision and enforce the remainder of the contract under certain circumstances. Gessa v. Manor Care of Fla., Inc., 86 So.3d 484, 490 (Fla. 2011). In particular, a contract is severable "where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other." Id. (quoting Local No. 234 v. Henley & Beckwith, Inc., 66 So.2d 818, 821-22 (Fla. 1953) ).
Although the buy-back provision contained in the arbitration agreement limits the damages Builder has to pay in the event it chooses to purchase the property, this limitation on damages does not go to the heart of the financial agreement. In addition, if the buy-back provision is severed, a valid arbitration agreement still exists and the parties are still obligated to comply with the terms of the contract. Therefore, it is apparent that the buy-back provision does not go to the essence of the *532 arbitration agreement or the construction contracts. Accordingly, it was error for the lower court to refuse to sever the buy-back provision and compel arbitration. See Hochbaum ex rel. Hochbaum v. Palm Garden of Winter Haven, LLC, 201 So.3d 218, 223 (Fla. 2d DCA 2016) (holding provision which violates public policy severable from contract despite lack of severability clause in contract where offending provision did not go to essence of agreement and did not require that arbitration be conducted in accordance with certain rules).
Because the lower court erred in refusing to compel arbitration and in refusing to sever the buy-back provision, we reverse and remand. On remand, the lower court shall sever the buy-back provision and enter an order compelling arbitration. We additionally note that Builder requested in its motion to compel arbitration that the trial court stay the litigation pending completion of arbitration. We grant that relief and instruct the trial court to stay the proceedings until arbitration has been completed.
REVERSED and REMANDED with Instructions.
TORPY and EDWARDS, JJ., concur.